UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:25-cv-00481-UA-JEP

| | |
|---|---|
| PHILIP SCHWAB,<br>individually and on behalf of those<br>similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>RESEARCH TRIANGLE INSTITUTE<br>d/b/a RTI INTERNATIONAL,<br><br>   Defendant. | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS OR STRIKE CLASS ACTION ALLEGATIONS**

# Table of Contents

                                                             **Page**

Table of Authorities ................................................................................. ii

Introduction ............................................................................................... 1

Argument ................................................................................................... 2

    I.     The Court should dismiss Schwab's complaint with prejudice because it does not and cannot allege a mass layoff or plant closing at a single site of employment .................... 2

           A.     Schwab fails to allege facts showing a plant closing or mass layoff at a single site of employment .......................... 2

           B.     At most, the complaint suggests Schwab is a remote worker and therefore outside the coverage of the WARN Act under controlling Fourth Circuit precedent. ............................................................................... 8

    II.    At a minimum, the Court should strike the class action allegations in Schwab's complaint. ............................................. 13

Conclusion ............................................................................................... 14

Certificate of Compliance ....................................................................... 16

# Table of Authorities

**Page(s)**

**Cases**

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ............................................................................................. 9, 10

*Chisolm v. Mountaire Farms of N. Carolina Corp.*,
 629 F. Supp. 3d 368 (M.D.N.C. 2022) ........................................................................ 8

*Easom v. US Well Servs., Inc.*,
 37 F.4th 238 (5th Cir. 2022) ....................................................................................... 2

*Jones v. C.I.R.*,
 642 F.3d 459 (4th Cir. 2011) .................................................................................... 13

*Karroll v. Car Toys, Inc.*,
 765 F. Supp. 3d 506 (D.S.C. 2025) ................................................................. 2, 3, 6, 7

*Karroll v. Car Toys, Inc.*,
 No. 6:23-cv-223, 2024 WL 988100 (D.S.C. Mar. 7, 2024) ........................................ 13

*Meson v. GATX Tech. Servs. Corp.*,
 507 F.3d 803 (4th Cir. 2007) .............................................................................. *passim*

*Parks v. Zayo Bandwidth, LLC*,
 No. 13-4425, 2016 WL 538328 (E.D. Pa. Feb. 10, 2016) ........................................ 3, 4

*Pelino v. Ward Mfg., LLC*,
 No. 14-2771, 2015 WL 4528141 (D. Md. July 27, 2015) ........................................... 14

*Piron v. Gen. Dynamics Info. Tech., Inc.*,
 No. 3:19-cv-709, 2020 WL 1159383 (E.D. Va. Mar. 10, 2020) ............. *passim*

*Piron v. Gen. Dynamics Info. Tech., Inc.*,
 No. 3:19-cv-709, 2022 WL 363958 (E.D. Va. Feb. 7, 2022) ........................................ 4

*Rodriguez v. Kaseya Holdings, Inc.*,
 No. 24-cv-752, 2025 WL 1356397 (W.D. Tex. Mar. 31, 2025) ..................................... 5

*Smith v. Zulily, LLC*,
  No. 24-1480, 2025 WL 1383670 (W.D. Wash. May 13, 2025) ........................ 5

*In re Storehouse*,
  No. 06-11144, 2010 WL 4453849 (Bankr. E.D. Va. Nov. 3,
  2010) ....................................................................................................... 9, 11, 12

**Statutes**

29 U.S.C. § 2101(a)(2)–(3) ........................................................................... 2, 5, 6

**Other Authorities**

20 C.F.R. § 639.3(i) ............................................................................................ 7

20 C.F.R. § 639.3(i)(8) ..................................................................................... 13

## Introduction

Schwab fails to confront RTI's primary and straightforward argument for dismissal: he never alleges any mass layoff or plant closing at any "single site of employment," as required to state a WARN Act claim. Schwab tries to dodge this argument, first by claiming it requires discovery and then by asserting that the layoffs occurred at RTI's Durham headquarters. Neither response has merit. RTI bases its motion on Schwab's **_allegations_** and lack thereof, not any disputed factual issue. Nor does the complaint allege the layoffs occurred at RTI's headquarters (or that Schwab even worked there), but instead at unspecified "facilities."

The remainder of Schwab's response misunderstands RTI's argument. Schwab asserts that RTI draws inferences in its favor by stating that Schwab is a remote employee. Schwab has it backwards. In an effort to draw all inferences in **_Schwab's favor_**, RTI combed the complaint for any allegation hinting at Schwab's work location. The only potential inference from Schwab's sparse allegations is that he worked remotely from Kentucky, where he resides. So construed, Schwab's complaint still fails as a matter of law under _Meson v. GATX Tech. Servs. Corp._, 507 F.3d 803 (4th Cir. 2007). Schwab understandably disagrees with _Meson_, but that binding decision forecloses WARN Act liability for remote employees like Schwab, as district

1

courts in the Fourth Circuit have correctly held. Schwab has no answer to these cases.

The Court should therefore dismiss Schwab's complaint. Dismissal should be with prejudice because Schwab chose not to amend his complaint as of right, has not requested leave to amend as an alternative to dismissal, and has not forecast any facts he could allege to cure the complaint. At a minimum, the Court should strike the class action allegations as being legally deficient.

## Argument

I. **The Court should dismiss Schwab's complaint with prejudice because it does not and cannot allege a mass layoff or plant closing at a single site of employment.**

   A. **Schwab fails to allege facts showing a plant closing or mass layoff at a single site of employment.**

RTI showed that Schwab fails to allege an essential element of a WARN Act claim: that a plant closing or mass layoff occurred at a "single site of employment." Doc. 9 at 10-11 (citing 29 U.S.C. § 2101(a)(2)-(3) and *Easom v. US Well Servs., Inc.*, 37 F.4th 238, 241 (5th Cir. 2022)). RTI cited multiple cases, including within the Fourth Circuit, dismissing WARN Act claims for this reason. *See Karroll v. Car Toys, Inc.*, 765 F. Supp. 3d 506, 516-18 (D.S.C. 2025); *Piron v. Gen. Dynamics Info. Tech., Inc.*, No. 3:19-cv-709, 2020 WL

2

1159383, at *4 (E.D. Va. Mar. 10, 2020); *Parks v. Zayo Bandwidth, LLC*, No. 13-4425, 2016 WL 538328, at *4 (E.D. Pa. Feb. 10, 2016).

Schwab has no answer to this argument. His primary response is to dodge the issue. He asks the Court to excuse him from his burden of alleging a plausible WARN Act claim, asserting that the question whether employees worked at a single site of employment at which a mass layoff occurred is "ill-suited to resolution now." Doc. 10 at 7-8. RTI, however, has not asked the Court to resolve that or any other disputed issue. Rather, RTI's motion is based on Schwab's wholesale failure to allege **any** facts showing that his claim meets the WARN Act's requirement of a mass layoff or plant closing at a single site of employment.

RTI pointed the Court to multiple decisions dismissing claims for failure to assert such facts. Doc. 9 at 7 (citing *Car Toys*, *Piron*, and *Parks*). Schwab does not and cannot distinguish those cases.

Schwab observes that *Car Toys* involved employees who serviced regional kiosks, Doc. 10 at 10, but that is irrelevant. The *Car Toys* plaintiff alleged far more factual detail about the separated employees' job locations and duties than Schwab does, but the court still dismissed the complaint for failure to allege a mass layoff at a single site. 765 F. Supp. 3d at 516-18. *Car Toys* only confirms that courts will scrutinize whether a plaintiff has

3

sufficiently alleged a single site of employment, not punt the issue to discovery as Schwab requests.

As to *Piron*, Schwab does not respond at all to the court's dismissal of the complaint for failure to allege a mass layoff at a single site of employment. *See Piron*, 2020 WL 1159383, at *1, 3-4. Instead, Schwab points to the court's later decision granting class certification, Doc. 10 at 10, but omits that after the initial dismissal the plaintiffs **amended** their complaint expressly to allege a single site of employment. *See Piron v. Gen. Dynamics Info. Tech.*, Inc., No. 3:19CV709, 2022 WL 363958, at *2 (E.D. Va. Feb. 7, 2022) (describing allegation that mass layoff occurred "at the GDIT facility in Falls Church, Virginia"). Schwab makes no such allegation.

Schwab likewise does not distinguish *Parks*. As in the cases above, the plaintiff there offered much more detail than Schwab does—including about the geographic locations at which employees worked and the number of layoffs at those locations—and yet the court still dismissed the claim because the sites were "not 'facilities across the street from one another'" and could not "without more, be considered a single site of employment under the WARN Act." *Parks*, 2016 WL 538328, at *4. Schwab's only response is that the case involved multiple defendants. That fact, however, played no part in the court's analysis and is irrelevant. *Id*.

4

Schwab also asserts in passing that the single site of employment requirement is an affirmative defense. Doc. 10 at 4. That is simply wrong. Schwab himself admits that a WARN Act plaintiff must sufficiently allege a mass layoff or plant closing, Doc. 10 at 4, and he does not and cannot dispute that both statutory terms depend on the identification of a single site of employment. *See* 29 U.S.C. § 2101(a)(2)-(3).

Schwab cites no case excusing a plaintiff from the need to allege facts showing the single site of employment element to state a WARN Act claim. And the few cases Schwab cites do not support that he can state a claim without those allegations. Schwab relies on *Zulily* and *Kaseya Holdings*, but in those cases the plaintiffs alleged detailed facts regarding their jobs and work locations. *See Smith v. Zulily, LLC*, No. 24-1480, 2025 WL 1383670, at *3 & n. 4 (W.D. Wash. May 13, 2025); *Rodriguez v. Kaseya Holdings, Inc.*, No. 24-cv-752, 2025 WL 1356397, at *5 (W.D. Tex. Mar. 31, 2025). Not so here. The other cases Schwab cites were at the summary judgment or class certification stages and did not address pleading standards. Further, none of the cases Schwab cites is from within the Fourth Circuit and subject to *Meson*'s interpretation of the mobile worker regulation.

When Schwab finally turns to his own allegations, he is unable to defend their sufficiency. Schwab says he states a claim merely by alleging

5

"that RTI operated the facilities from which Plaintiff and the other similarly situated individuals worked or were based at, reported to, and received assignments from." Compl. ¶ 12; *see also* Doc. 10 at 6 (citing Compl. ¶¶ 10, 12, 13). That argument, however, ignores the single site of employment requirement entirely. Rather than show that Schwab and the separated employees worked at a single site where a mass layoff or plant closing occurred, the allegation shows the opposite—that the employees worked across multiple RTI "facilities." Compl. ¶ 12. Schwab's failure to allege facts supporting that RTI separated the statutory minimum number of employees at each of those "facilities" prevents his complaint from plausibly showing a WARN Act violation. *See Meson*, 507 F.3d at 808 ("The statute defines 'mass layoff' as a reduction in work force at a 'single site of employment' that affects at least thirty-three percent of the employees and a minimum of fifty employees in a thirty-day period." (quoting 29 U.S.C. § 2101(a)(3))).

    Schwab's view that he can state a WARN Act claim merely by alleging the defendant terminated his employment and the employment of other employees who worked at unspecified locations is contrary to the law. *Car Toys*, 765 F. Supp. 3d at 511, 523 (dismissing complaint despite allegations that the defendant terminated the employment of plaintiff and 1,800 other kiosk workers who worked at various physical locations). At a minimum, a

6

plaintiff also must allege facts showing where the terminated individuals worked to plausibly support that a mass layoff or plant closing occurred. *Id.* at 516-17. Otherwise, by vaguely alleging that employment terminations occurred at a defendant's "facilities," a plaintiff could survive a motion to dismiss even when the affected employees worked at geographically far-flung facilities that never could be considered a single site of employment under the WARN Act. *See* 20 C.F.R. § 639.3(i) (identifying considerations for aggregating physical locations to form a single site of employment).

Realizing this defect, Schwab changes tack and asserts that the complaint alleges the layoffs occurred in "Durham, North Carolina, and potentially other locations too." Doc. 10 at 8 (citing Compl. ¶¶ 2, 11, 12). This argument fails for the same reason as his first—it relies on a vague assertion of terminations at multiple "locations" that does not show a mass layoff at any single site. ***More importantly, Schwab's argument misrepresents his complaint's allegations***. Neither of the paragraphs Schwab cites, nor any other paragraph in the complaint, alleges that a mass layoff or plant closing occurred at RTI's headquarters in Durham. Even if it did, Schwab alleges no facts to suggest that he worked from RTI's Durham headquarters. Schwab cannot use his brief to add factual allegations absent from the complaint—especially when he knows the physical location where he worked

7

but chose not to plead that information. *Chisolm v. Mountaire Farms of N. Carolina Corp.*, 629 F. Supp. 3d 368, 374 (M.D.N.C. 2022) ("[Plaintiff] will not be allowed to amend his Complaint through his brief in opposition and is bound by the allegations contained in the Complaint.").[1]

For all these reasons, Schwab fails to allege that a mass layoff or plant closing occurred at a "single site of employment." The Court should therefore dismiss the complaint with prejudice.

>  B.  **At most, the complaint suggests Schwab is a remote worker and therefore outside the coverage of the WARN Act under controlling Fourth Circuit precedent.**

As explained above, the complaint alleges no mass layoff or plant closing at any single site of employment. Nonetheless, in an abundance of caution, RTI's opening brief addressed the possibility the Court might construe the complaint as alleging that Schwab worked remotely from Kentucky. This inference would be based on the allegation that Schwab resides in Kentucky and the absence of allegations that RTI has an office in Kentucky or that Schwab worked at any specific RTI location. Doc. 9 at 11.

---

[1] Paragraph 17 of the complaint perhaps best exemplifies its failure to allege a mass layoff or plant closing at a single site of employment. Schwab alleges that RTI "planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed there" but never identifies where "there" is.

8

RTI showed that even under this reading of the complaint—which stretches *Iqbal* and *Twombly* past their breaking point—the same result occurs: Schwab fails to state a WARN Act claim. Under controlling Fourth Circuit law, a remote employee's single site of employment is his or her remote work location, and Schwab does not allege that any other RTI employee worked with him at his single remote site in Kentucky. Doc. 9 at 11-12 & 14-15 (citing *Meson*, 507 F.3d at 808-09, *Piron*, 2020 WL 1159383, at \*3-4, and *In re Storehouse*, No. 06-11144, 2010 WL 4453849, at \*3-4 (Bankr. E.D. Va. Nov. 3, 2010)). Schwab therefore cannot allege the numerical thresholds necessary to invoke the WARN Act. *See Meson*, 507 F.3d at 808 ("[A]n employee who had a fixed workplace where fewer than fifty individuals suffered an employment loss" is generally "outside the protections of the WARN Act.").

Each of Schwab's responses lacks merit. **First**, Schwab says that because his complaint does not use the word "remote," RTI has impermissibly drawn inferences in its favor. Doc. 10 at 6-7. The opposite is true. RTI is giving Schwab the benefit of the doubt, searching for any factual allegation supporting an inference of Schwab's single site of employment. Without the inference that Schwab worked remotely in Kentucky, the complaint lacks

9

*any* allegations of Schwab's work location and thus requires dismissal for the reasons explained above.

***Second***, Schwab says his complaint sufficiently alleges a single site of employment based on the mobile worker regulation, Doc. 10 at 11-13, but he does not and cannot point to any factual allegations that plausibly invoke any part of that regulation. Schwab admits as much when, rather than pointing to factual allegations, he speculates that the regulation "***could*** include a wide variety of employment situations," and that under a "plain reading of the regulation," "[r]emote employees ***may*** meet any number of the clauses" in the regulation. Doc. 10 at 12-13 (emphasis added). Schwab's speculation implies that the burden rests with RTI to show there is "no set of facts" in which Schwab could fall within the mobile worker regulation, but the Supreme Court rejected that pleading standard more than twenty years ago. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007) (rejecting the "no set of facts" pleading standard). Instead, to state a claim, Schwab must plead facts that plausibly show his employment termination falls within the regulation. *See Piron*, 2020 WL 1159383, at *4 (dismissing complaint because it did "not allege facts from which it plausibly could be held that the Plaintiffs fit within the 'mobile worker' interpretation given to [the mobile worker regulation] by

10

Case 1:25-cv-00481-UA-JEP    Document 13    Filed 09/15/25    Page 14 of 20

the Fourth Circuit in *Meson*"). Schwab has not done so here and cannot substitute speculation for factual allegations.

***Third***, Schwab argues that the mobile worker regulation "explicitly includes remote workers." Doc. 10 at 11-13. To support this assertion, Schwab reasons from first principles and cites unreported decisions from outside the Fourth Circuit. *Meson*, however, forecloses Schwab's argument. There, the Fourth Circuit squarely held that the mobile worker regulation applies only to "truly mobile workers without a regular, fixed place of work." 507 F.3d at 809. *Piron* and *Storehouse* both correctly concluded that this holding governs individuals who work remotely, because that remote site is their single place of employment.

Schwab has no answer to *Meson*. He says the text of the mobile worker regulation is disjunctive and therefore may encompass remote workers. Yet *Piron* considered and rejected that exact argument: "But the *Meson* court, whether rightly or wrongly, was clear in interpreting the meaning of an employee's 'single site of employment' under [the mobile worker regulation]" and drew no such distinctions among its provisions. 2020 WL 1159383, at *4.

Schwab asks the Court to ignore *Meson* because it was decided in 2007, which he claims is before remote work became prevalent. Doc. 10 at 14. That is at best an argument for the *en banc* Fourth Circuit, not this Court. As

11

*Piron* explained, "*Meson* set the rule for this Circuit, and viable WARN Act complaints in this Circuit must meet *Meson*'s standard. The mere conclusory allegations that Plaintiffs worked remotely or worked at a particular location do not meet that standard." 2020 WL 1159383, at *4.

The same goes for Schwab's argument that *Meson* is bad policy because it means that remote workers are outside the scope of the WARN Act. That is an argument for Congress or the Department of Labor. Moreover, the argument ignores *Meson*'s teaching that one of the WARN Act's key purposes is to avoid the disruption arising from a mass employment loss in a single community—a concern not implicated in this case. *See Meson*, 507 F.3d at 811.

Nor does *Meson* mean that remote workers are categorically excluded from the WARN Act. As *Storehouse* noted, there may be situations when the Act applies to such workers, such as the closure of a "'virtual' call center of more than 50 employees" who "all worked from home and all lived in the same economic community." 2010 WL 4453849, at *4 n. 3. Schwab, however, alleges no such facts.

Finally, Schwab speculates that he might meet the regulatory safety valve allowing the term single site of employment to apply to a truly unusual organizational situation. Doc. 10 at 12. Schwab, however, alleges no facts to

12

Case 1:25-cv-00481-UA-JEP    Document 13    Filed 09/15/25    Page 16 of 20

support that RTI is a "truly unusual organizational situation" structured in a way to evade notice under the WARN Act, as would be required to state a claim based on the safety valve provision. *Karroll v. Car Toys, Inc.*, No. 6:23-cv-223, 2024 WL 988100, at *9 (D.S.C. Mar. 7, 2024) (citing 20 C.F.R. § 639.3(i)(8) and granting motion to dismiss).[2]

For all these reasons, Schwab fails to state a WARN Act claim even if the Court construes the complaint—in *Schwab's favor*—to allege he worked remotely in Kentucky.

## II. At a minimum, the Court should strike the class action allegations in Schwab's complaint.

Even if the Court concludes that Schwab has stated a claim for a WARN Act violation (and it should not), the Court should strike the complaint's class action allegations. As RTI demonstrated: (1) the allegations improperly define the class using legal conclusions; (2) the class definition fails to identify any single site of employment at which putative class

---

[2] In a footnote, Schwab points out that the mobile worker regulation was enacted in 1989 and claims that a "more recent" FMLA regulation "explicitly encompass[es] remote work." Doc. 10 at 14 n. 3. Schwab points to no WARN Act authority looking to this regulation. Further, the fact the FMLA regulation refers to remote work, while the mobile worker regulation does not, indicates a conscious choice to exclude remote workers from the scope of the WARN Act. *See Jones v. C.I.R.*, 642 F.3d 459, 463 (4th Cir. 2011).

members worked; and (3) the alleged class is defined in reference to a 90-day lookback period without any basis for using such a period. Doc. 9 at 17-20.

Schwab's response refutes none of these points. Instead, Schwab asserts RTI's request is premature, *see* Doc. 10 at 16, but ignores that courts grant motions to strike class action allegations at the pleadings stage in appropriate circumstances. *See, e.g.*, *Pelino v. Ward Mfg., LLC*, No. 14-2771, 2015 WL 4528141, at *4 (D. Md. July 27, 2015) (granting motion to strike class allegations at the pleadings stage). Just so here, for the reasons above.

## Conclusion

The Court should dismiss the complaint with prejudice under Rule 12(b)(6). At a minimum, the Court should strike the complaint's class action allegations under Rules 12(f) and 23(d)(1)(D).

This 15th day of September, 2025.

      /s/ Mark A. Hiller
Mark A. Hiller
N.C. Bar No. 50004
mhiller@robinsonbradshaw.com

ROBINSON, BRADSHAW & HINSON, P.A.
1450 Raleigh Road, Suite 100
Chapel Hill, North Carolina 27517
Phone: 919.328.8800

Julian H. Wright, Jr.
N.C. Bar No. 19345
jwright@robinsonbradshaw.com

14

Brendan P. Biffany
N.C. Bar No. 54761
bbiffany@robinsonbradshaw.com

ROBINSON, BRADSHAW & HINSON, P.A.
600 South Tryon Street, Suite 2300
Charlotte, North Carolina 28202
Phone: 704.377.2536

*Attorneys for Defendant*

15

## Certificate of Compliance

Pursuant to Local Rule 7.3(d)(1), I hereby certify that this brief contains fewer than 3,125 words (not counting the portions of the brief excluded by Local Rule 7.3(d)(1)) as reported by the word-processing software.

This 15th day of September, 2025.

/s/ Mark A. Hiller
Mark A. Hiller

16