| | |
|---|---|
| PHILIP SCHWAB, individually and on behalf of those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>RESEARCH TRIANGLE INSTITUTE d/b/a RTI INTERNATIONAL,<br><br>    Defendant. | **AMENDED CLASS ACTION COMPLAINT** |

Consistent with this Court's March 10, 2026 order, Philip Schwab ("Plaintiff"), individually and on behalf of those similarly situated former employees as defined herein, bring this suit against RTI International ("Defendant"), by way of this First Amended Class Action Complaint, alleging as follows:

## NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff on his own behalf and on behalf of the other similarly situated persons against Defendant, his employer for WARN Act purposes.

2. Defendant is an employer located at 3040 East Cornwallis Road, Durham, North Carolina 27713 ("Company"). The Durham location is hereinafter defined as "the Facility" and was the site of Plaintiff's and other putative class members' employment.

1

3. Upon information and belief, Defendant abruptly terminated at least 200 employees, including Plaintiff, from the Facility unilaterally and without proper notice to employees or staff on June 3, 2025.

4. Plaintiff was terminated on or around June 3, 2025, as part of a mass layoff or plant closing at the Facility without proper notice.

5. Plaintiff brings this action on behalf of himself and other similarly situated former employees who worked for Defendant at the Facility and were terminated as part of the foreseeable mass lay off or plant closing ordered by Defendant on or around May 20, 2025 and within 90 days of that date and who were not provided 60 days' advance written notice of their terminations by Defendant, as required by the WARN Act.

6. Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

9. At all times herein relevant, the Plaintiff was a member of the class (as defined below).

2

10. Plaintiff Philip Schwab is a citizen of the United States and resident of Kentucky. Plaintiff was employed by Defendant at all relevant times at the Facility. He was employed for approximately three years and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). He was terminated without cause and did not receive 60 days' notice of termination.

11. Defendant RTI International is incorporated in North Carolina with a principal office located at 3040 East Cornwallis Road, Durham, North Carolina 27713. Defendant operates as RTI International and is registered with the N.C. Secretary of State as the Research Triangle Institute.

12. Upon information and belief, Defendant conducted business in this district and, at all relevant times, operated the Facility where Plaintiff and the other similarly situated individuals worked or were based at, reported to, and received assignments from.

13. Defendant made the decision to terminate employees, including Plaintiff and those other similarly situated former employees from the Facility, without 60 days' advance notice, terminating over 200 employees and 33% of the workforce.

**FACTS**

14. Plaintiff Schwab was an employee of RTI who was employed for three years and took direction and was supervised from the RTI headquarters in Durham, North Carolina.

15. Plaintiff was issued and held a security badge for the Durham, North Carolina office of RTI.

3

16. Plaintiff was paid by RTI and his paystub at all times indicated his employer as Research Triangle Institute, located at 3040 East Cornwallis Road, Post Office Box 12194, Durham, NC 27709.

17. At all relevant times, Schwab and the class members received direction and supervision of their work from the Facility.

18. On or about May 20, 2025, Defendant sent Plaintiff a letter indicating that his position, other positions at RTI, and other internal positions in RTI's Health Solutions group, were being terminated with less than 60 days' notice. The letter was sent on RTI letterhead.

19. At all times pertinent to this Complaint, RTI exercised full control over RTI's Health Solutions group and directed the terminations at issue in this case. RTI and RTI Health Solution constitute a single and/or joint employer because RTI derives revenue from RTI Health Solutions, RTI Health's operations are part and parcel to RTI's operation, and RTI directs the personnel, employment, and employee practices for RTI Health Solutions.

20. In the letter, Defendant cited departmental restructuring and budgetary constraints as the justification for the mass terminations.

21. In the letter, Defendant stated that Plaintiff's employment would end on June 3, 2025.

22. Plaintiff was sent a severance proposal (countersigned by RTI's chief human resources officer) and a severance plan from RTI, which he declined to sign.

23. Defendant terminated Plaintiff and many others during this round of layoffs.

4

24. Defendant terminated employees who worked at the Facility.

25. Upon information and belief, all employees who were laid off by Defendant were taking direction from the Facility.

26. All employees working remotely for RTI (who worked in physical locations other than Durham, North Carolina) took direction from managers in Durham, North Carolina at RTI's headquarters (the Facility). Their work was assigned from the Facility in Durham and they reported to personnel at the Facility in Durham.

27. RTI's line of business is providing research, consulting, and analytical work to contractors, manufacturers, and government entities.

28. Upon information and belief, all the individuals terminated during these layoffs were employed in similar capacities of providing research services to RTI clients.

29. RTI operates its business from its headquarters in Durham, North Carolina.

30. Plaintiff and at least 49 other former employees who were terminated within 30 days of May 20, 2025 worked at or received assignments from the company's headquarters in Durham, North Carolina.

31. Defendant orchestrated a series of layoffs during the spring of 2025.

32. More than 500 RTI employees, including Plaintiff, were laid off in different groups within ninety days of May 20, 2025.

33. For example, RTI issued a press release on March 25, 2025 (which is within ninety days of May 20, 2025) stating that it was reducing its workforce by 340 U.S.-based

5

staff members, including 177 in North Carolina, "with additional changes expected in the coming weeks."[1]

34. Multiple groups of employees were laid off within ninety days of May 20, 2025 (before and after) that exceed the thresholds for a mass layoff or a plant closing in the aggregate. Plaintiff alleges both the termination of one group of at least fifty employees within a thirty-day period of his termination, and the terminations of multiple smaller groups of less than fifty employees within a 90-day period of his termination, as alternative theories.

35. All the terminated employees and putative class members took direction from the Facility, the Durham headquarters.

36. Defendant did not provide proper WARN Act Notice, 60 days' in advance, as required by 29 U.S.C. §§ 2101 et seq. even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed at the Facility.

37. Upon information and belief, no circumstances existed that would have permitted Defendant from reducing the notification period as provided in 29 U.S.C. § 2102(b).

38. By failing to provide its affected employees who were temporarily or permanently terminated on or around June 3, 2025, from the Facility, with proper WARN Act Notices and other benefits, Defendant acted willfully and cannot establish that they

---

[1] https://www.rti.org/news/rti-international-announces-workforce-realignment

6

had any reasonable grounds or basis for believing its actions were not in violation of the WARN Act.

**CLASS ACTION ALLEGATIONS**

39.     Plaintiff brings his WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class: All employees of Defendant who were terminated from the Facility pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of May 20, 2025.

40.     Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied.  For example:

a.      The class includes, upon information and belief, over 200 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

b.      Questions of law and fact are common to the class, including, *inter alia*, whether Defendant provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

c.      Plaintiff is a member of the class and brings claims typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in

7

conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

d. Plaintiff will fairly and adequately represent the class and its interests. Moreover, Plaintiff retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

41. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

42. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

43. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

8

## COUNT I

**VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq*.**
**(WARN Act)**
**(*On behalf of Plaintiff and the putative class*)**

44. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

45. Defendant is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

46. Plaintiff and the putative class were at all relevant times an "affected employee" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

47. The May 20, 2025, terminations resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees at the Facility. The ongoing terminations from the Facility, occurring within any 90-day period, may be aggregated. 29 U.S.C. § 2102(d).

48. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

49. On information and belief, Defendant did not give 60 days' written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and

9

those they seek to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendant give proper 60 days' written notice to the chief elected official of the local government within which the mass layoff was ordered.

50.    Defendant violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about May 20, 2025.

51.    As such, Plaintiff and those he seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

52.    The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. *See* 29 U.S.C. § 2104(5).

53.    Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1.    Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiffs as a representative of the Class and counsel of record as Class Counsel;

2.    Trial by jury on all issues so triable;

3.    A declaration that Defendant violated the WARN Act;

4. A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

5. A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and those he seeks to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

6. A finding that Defendant's violations of the WARN Act were and are willful, not in good faith, and that Defendant has no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

7. A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

8. A judgment against Defendant for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

9. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

Dated March 24, 2026          Respectfully submitted,

/s/ *Michael C. Tackeff*
J. Gerard Stranch, IV (TN BPR #23045)
Michael C. Tackeff (TN BPR #036953)

11

**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
mtackeff@stranchlaw.com

Troy D. Shelton
N.C. Bar No. 48070
tshelton@dowlingfirm.com
**DOWLING PLLC**
3801 Lake Boone Trail, Suite 260
Raleigh, NC 27607
Tel: (919) 529-3351

Lynn A. Toops*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenmalad.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI, LLP**
613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775
F: (608) 509-4423
sam@straussborrelli.com
raina@straussborrelli.com

*Special Appearance Forthcoming*

*Counsel for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March, 2026, the foregoing document was filed with the Clerk of the Court via the Court's CM/ECF system, which will serve on all counsel of record.

/s/ Michael C. Tackeff
Michael C. Tackeff