# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
### No. 1:25-cv-481

PHILIP SCHWAB, individually and on behalf of those similarly situated,

     Plaintiff,

v.

RESEARCH TRIANGLE INSTITUTE d/b/a RTI INTERNATIONAL,

     Defendant.

**PLAINTIFF'S RESPONSE TO MOTION TO CONTINUE**

Plaintiff Philip Schwab respectfully submits this succinct response to Defendant Research Triangle Institute's Motion to Continue Initial Pretrial Conference. D.E. 21. This Court's text order on April 6, 2026, was clear. The Court anticipated that RTI would file a Renewed Motion to Dismiss, which it now has. D.E. 19, 20. Plaintiff will respond to that Motion to Dismiss in due course consistent with the deadlines in the Local Rules. But this Court also concurrently and deliberately set this case for an Initial Pretrial Conference on May 21 – triggering the deadlines in Local Rule 16.1 and in Rule 26(f). RTI has simply decided that its arguments in the Renewed Motion to Dismiss entitle it to a free extension of the Initial Pretrial Conference set for May 21. This Court's order was clear in both setting a deadline for a renewed motion to dismiss *and* setting the case for an Initial Pretrial. RTI's sole basis for its Motion is that it does not want to spend "time and expense" on "case management planning." D.E. 21 at 3.

What RTI is actually asking for is a stay of discovery, which is not appropriate and not consistent with the Court's April 6, 2026 order. RTI's Motion asks for a blank check from the Court, offering no dates but simply saying that the Initial Pretrial should stay on hold until "after the Court issues an opinion" on its Renewed Motion. D.E. 21 at 3. This is effectively a request to stay discovery when the Court has effectively ordered that the case should proceed. Motions to stay discovery are, of course, disfavored, and the movant bears the burden of showing good cause. *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988). RTI has done little more than crow that it does not want to spend time on this case. There is no "immediate and clear possibility" that RTI's renewed motion to dismiss will be granted, as required by this Court's caselaw. *Drapkin v. Mjalli*, No. 1:19CV175, 2019 WL 9662885, at *2 (M.D.N.C. Aug. 26, 2019); *see also Appalachian Voices v. Duke Energy Carolinas, LLC*, No. 1:17CV1097, 2019 WL 13177591, at *2 (M.D.N.C. Jan. 9, 2019) ("Finally, this Court notes that this is Duke Energy's second round of dispositive motions; thus, the potential harm caused by further delay in discovery outweigh the possibility that the need for discovery may be entirely eliminated."). So too here. This is RTI's second bite at the apple, and indeed, this Court already expressly permitted an amendment, and Plaintiff amended.

There is no cause for this extension. RTI's Motion should be denied.

Dated: April 29, 2026

Respectfully submitted,

/s/ Michael C. Tackeff
J. Gerard Stranch, IV (TN BPR #23045)*
Michael C. Tackeff (TN BPR #036953)
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
mtackeff@stranchlaw.com

Troy D. Shelton
N.C. Bar No. 48070
tshelton@dowlingfirm.com
**DOWLING PLLC**
3801 Lake Boone Trail, Suite 260
Raleigh, NC 27607
Tel: (919) 529-3351

Lynn A. Toops*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenmalad.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI, LLP**
613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775
F: (608) 509-4423
sam@straussborrelli.com
raina@straussborrelli.com

*Special Appearance Forthcoming*

*Counsel for Plaintiff and the Proposed Class*

3

# CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this brief complies with the word-count limitation in Local Rule 7.3(d).

/s/ Michael Tackeff
Michael Tackeff

4