# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
### No. 1:25-cv-481

PHILIP SCHWAB, individually and on behalf of those similarly situated,

      Plaintiff,

v.

RESEARCH TRIANGLE INSTITUTE d/b/a RTI INTERNATIONAL,

      Defendant.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S RENEWED MOTION TO DISMISS**

Plaintiff Philip Schwab respectfully submits this response in opposition to Defendant Research Triangle Institute's ("RTI") renewed Motion to Dismiss. D.E. 19, 20. RTI's Motion rests on a misreading of the Court's March 10, 2026 Opinion on its First Motion to Dismiss. D.E. 16; *see also Schwab v. Rsch. Triangle Inst.*, No. 1:25-CV-481, 2026 WL 673105 (M.D.N.C. Mar. 10, 2026). No party objected to that recommendation, and so it now constitutes the law of the case. The Amended Complaint fully addresses the issues identified by the Court in its prior opinion.

## FACTUAL BACKGROUND

This Court is familiar with the facts of this case. On June 17, 2025, Plaintiff Philip Schwab sought relief under the federal WARN Act after he was terminated from RTI. D.E. 1. RTI then filed a Motion to Dismiss, to which Plaintiff responded. D.E. 8, 9, 10, 13. On March 10, 2026, this Court issued a Memorandum Opinion regarding that Motion to Dismiss. D.E. 16. No party objected to the ruling under Rule 72, and consistent with the

opinion, Plaintiff filed an Amended Complaint on March 24, 2026. D.E. 18. That is now the operative pleading in this case. On April 23, 2026, RTI again moved to dismiss. D.E. 19, 20. RTI also sought to delay discovery, but its motion was denied. D.E. 21, 22, 23.

This Court's opinion was thorough and identified certain deficiencies in Plaintiff's original Complaint. For example, the opinion stated: "the Complaint would need to allege facts connecting Plaintiff's site of employment to a sufficient number of terminated employees." D.E. 16 at 9. The Court also found that the parties could make fact-specific arguments "after discovery" about which subparts of the federal WARN regulations fit this factual situation best. D.E. 16 at 12. The Amended Complaint now contains significant additional factual detail regarding this series of layoffs.

Plaintiff Schwab's site of employment was Durham, North Carolina – the same as the rest of the employees who would constitute class members here. D.E. 18 at ¶¶ 2, 3, 14–17, 25, 35. All employees were regularly reporting to Durham, North Carolina, and were employed in the capacity of providing research services to RTI clients. D.E. 18 at ¶¶ 26, 28. RTI engaged in a series of layoffs spanning from March to June of 2025, even issuing a public press release telegraphing that more layoffs were to come. D.E. 18 at ¶¶ 33, 34. Plaintiff alleges both the termination of one group of 50 employees within a thirty-day period of his termination, and the terminations of multiple, smaller groups as alternative theories. D.E. 18 at ¶ 34.[1] Plaintiff also alleges that RTI in Durham exercised full control

---

[1] As the Court recognized, D.E. 16 at 10, the WARN Act allows for aggregation of multiple employment losses that are individual below the statutory threshold under certain conditions. 29 U.S.C. § 2102(d). Determining whether an individual employment loss

over its Health Solutions group, that RTI is a joint employer with Health Solutions, that Plaintiff's termination papers came from RTI. D.E. 18 at ¶¶ 14, 16, 18–19, 22.

In short – the Amended Complaint provided exactly the kind of detail that this Court's opinion created a roadmap for. RTI's renewed Motion criticizes Plaintiff's pleading for not identifying certain facts that are, of course, peculiarly within RTI's knowledge rather than Plaintiff's. *E.g.*, D.E. 20 at 9 (blue pagination). It is not Plaintiff's burden to prove his case prior to discovery – the Memorandum Opinion set forth how Plaintiff could amend to state a claim, and he did so. The remainder of RTI's renewed motion, copied and pasted from its prior motion, does not bear on the renewed motion.

## ARGUMENT

On a motion under Rule 12(b)(6), "[t]he district court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023). Thus, at this stage, the Court must assume the facts in the Amended Complaint are true. RTI's Renewed Motion to Dismiss seeks a second bite at the apple and relitigates arguments that this Court already treated in its Memorandum Opinion. D.E. 20.

## I.     Single Site of Employment.

RTI merely repeats what its prior Motion said – that Plaintiff pleads insufficient facts regarding Schwab and class members' site of employment. *Compare* D.E. 9 at 10

---

events are "the result of separate and distinct actions and causes" is yet another determination of fact that cannot be resolved at the Rule 12 stage.

3

(blue pagination), *with* D.E. 20 at 11 (also blue pagination). RTI then engages in a lengthy exposition of its theory that 20 C.F.R. § 639.3(i)(6) applies only to workers who lack a fixed work location. D.E. 20 at 13. All of the authority cited is inapposite here for a simple reason: this Court has already ruled on this issue.

First, this Court held that the "single site of employment" question is a mixed question of law and fact. D.E. 16 at 8. Because this Court cannot resolve factual disputes at the Rule 12 stage, *e.g.*, *Byers v. Painter*, 173 F.4th 155, 158 (4th Cir. 2026), RTI's arguments are not suitable for disposition now. Mixed questions of law and fact are generally not susceptible to resolution at the Rule 12 stage. *See, e.g.*, *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 298 (7th Cir. 1995) ("Whether the totality of the circumstances show that some act had been coerced is a mixed question of law and fact that cannot be determined on a motion under Rule 12(b)(6)."); *U.S. S.E.C. v. Syron*, 934 F. Supp. 2d 609, 630 (S.D.N.Y. 2013) (materiality context); *St. John's Univ., New York v. Bolton*, 757 F. Supp. 2d 144, 164 n.10 (E.D.N.Y. 2010) ("Whether the assignments actually occurred on that date or at some other time is a mixed question of law and fact the court cannot resolve on a motion to dismiss, and without any of the relevant facts."); *Fraternal Ord. of Police v. Gates*, 562 F. Supp. 2d 7, 11 (D.D.C. 2008) ("The court must treat the complaint's factual allegations—including mixed questions of law and fact—as true, drawing all reasonable inferences in the plaintiff's favor.").

And this dovetails with the notion that the single site of employment question requires factual testing, in some instances sending cases to trial rather than for resolution

even at the Rule 56 rather than Rule 12 stage. *Viator v. Delchamps Inc.*, 109 F.3d 1124, 1126 (5th Cir. 1997) ("The issue of whether multiple work locations constitute a 'single site of employment' under WARN is a mixed question of law and fact.") (appeal of summary judgment ruling); *see also In re Dewey & LeBoeuf LLP*, 487 B.R. 169, 175 (Bankr. S.D.N.Y. 2013) (noting fact-intensive nature of WARN cases); *In re Protected Vehicles, Inc.*, 392 B.R. 633, 636 (Bankr. D.S.C. 2008) ("Whether a particular defense is available, as well as the determination of whether proper notice was provided, is fact intensive[.]"). RTI is simply pressing the same arguments this Court already addressed and rejected.

This Court also found that Plaintiff had not addressed whether these terminated employees shared a single site of employment. D.E. 16 at 11. Plaintiff has now done that in the Amended Complaint. *E.g.*, D.E. 18 at ¶¶ 2, 17, 25, 35. This Court also noted that the site of employment determination could involve multiple subparts of the relevant regulations and said this question was more suited to resolution at class certification. D.E. 16 at 12, n.3 (stating "the Court does not opine at this time as to how such a division might impact class certification questions"). Those rulings – that the single site of employment question was a mixed question of law and fact, that the parties could "make fact-specific arguments after discovery[,]" and that the applicability of certain subparts of the WARN regulations to remote workers was fact-intensive – were express. D.E. 16 at 9, n.2, 12. And RTI has ignored them. Its renewed Motion is littered with arguments about facts.

5

This Court's chosen approach is correct – this case requires further factual development before these issues can be resolved. RTI can certainly assert its theories later, but they necessarily involve resolving disputed questions of fact now. All the cases that RTI presents are not as relevant or dispositive as *this* Court's ruling on this issue.  D.E. 16 at 8 ("Plaintiff correctly identifies that '[t]he issue of whether multiple work locations constitute a 'single site of employment' under WARN is a mixed question of law and fact[.]'") (quoting *Viator*). Thus, this Court's ruling that a mixed issue of law and fact should not be determined at the Rule 12 stage is now law of the case. *Graves v. Lioi*, 930 F.3d 307, 318 (4th Cir. 2019) (generally analyzing law of the case doctrine). All RTI's authority to the contrary is irrelevant.

RTI crows that Schwab does not distinguish between workers who worked at the facility versus those who worked elsewhere. It is not Plaintiff's burden to anticipate the defenses that RTI might raise, or indeed, to supply needed factual development that is uniquely in RTI's control and custody about how it structured the employment and terminations of these workers. Plaintiff has pleaded that all employees laid off by Defendant took direction from the Facility in Durham. D.E. 18 at ¶¶ 17, 25, 35. Plaintiff has also pleaded that RTI terminated over 500 employees during the 90-day period surrounding his termination. D.E. 18 at ¶¶ 32, 34. The elements of a WARN Act claim are all pleaded here.

RTI then invokes its theory that *Meson* compels dismissal now. *Meson v. GATX Tech. Servs. Corp.*, 507 F.3d 803, 811 (4th Cir. 2007). RTI invokes the same cases it did

6

before, asserting that Plaintiff cannot rely on a certain subpart of the CFR regulations. *Compare* D.E. 20 at 25, *with* D.E. 9 at 16. Again – the Court ruled on this issue already. "[T]he applicability of subpart (6) to remote workers is a fact-intensive inquiry." D.E. 16 at 9, n.2. Any inquiry that is fact-intensive is necessarily an inquiry that cannot be resolved on a Rule 12 motion. Indeed, *Meson* itself was decided at summary judgment, not at the pleading stage. So RTI's arguments that the Amended Complaint is insufficiently factually detailed must fail. RTI simply regurgitates its broad-stroke, wholesale argument that "under *Meson*, the WARN Act does not apply to remote employees." D.E. 20 at 27, n.2. This argument has already been rejected by this Court as inappropriate for resolution here. D.E. 16 at 9, n.2 ("T]he Court need not resolve those issues at this preliminary stage.").

The Amended Complaint now contains significantly more detail about these layoffs. It alleges that Plaintiff received direction from Durham, that his single site of employment was Durham, that he was paid from Durham, and that he held a security badge for the Durham location. D.E. 18 at ¶¶ 2, 14–17. RTI sent him a severance proposal. D.E. 18 at ¶ 22. The individuals who were terminated provided research services to RTI's clients. D.E. 18 at ¶¶ 27–28. The layoffs affected more than 500 people over the course of several waves of layoffs. D.E. 18 at ¶¶ 31–35. That is precisely the factual detail this Court sought and that Plaintiff supplied.

It is not Plaintiff's burden at this stage of the case to divide information that is exclusively in RTI's custody or control, or to plead around anticipated defenses by RTI. This Court's order was clear: "If Plaintiff files an Amended Complaint that alleges facts

supporting a mass layoff or plant closing, the Court anticipates that such a filing would at least partially resolve the problems raised by Defendant as to the class allegations." D.E. 16 at 14. That is precisely the course Plaintiff took. *Robertson v. Sea Pines Real Est. Companies, Inc.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim." (cleaned up)).

## CONCLUSION

RTI has simply chosen to refile the Motion to Dismiss it filed before. The Court solicited more factual detail in an amended complaint, and Plaintiff complied. RTI presents the Court with the same invitation it extended before – to stack inference upon inference in *its* favor. 5C Charles A. Wright et al., *Federal Practice and Procedure* § 1363 (3d ed.) ("The general rule articulated in countless judicial opinions and noted in the notes to the discussion above is that *all* reasonable factual inferences will be drawn to aid the pleader and ambiguities will be resolved in the pleader's favor." (emphasis added)). The Motion to Dismiss should be denied.

Dated: May 14, 2026

Respectfully submitted,

*/s/ Troy Shelton*_____
Troy D. Shelton
N.C. Bar No. 48070
tshelton@dowlingfirm.com
**DOWLING PLLC**
3801 Lake Boone Trail, Suite 260

Raleigh, NC 27607
Tel: (919) 529-3351

*/s/ Michael C. Tackeff*
Michael C. Tackeff (TN BPR #036953)*
J. Gerard Stranch, IV (TN BPR #23045)*
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gstranch@stranchlaw.com
mtackeff@stranchlaw.com

Lynn A. Toops*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenmalad.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI, LLP**
613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775
F: (608) 509-4423
sam@straussborrelli.com
raina@straussborrelli.com

*Admitted Special Appearance or Forthcoming*

*Counsel for Plaintiff and the Proposed Class*

9

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this brief complies with the word-count limitation in Local Rule 7.3(d).

*/s/ Michael C. Tackeff*
Michael C. Tackeff (TN BPR #036953)*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2026, the foregoing document was filed with the Clerk of the Court via the Court's CM/ECF system, which will serve on all counsel of record.

*/s/ Michael C. Tackeff*
Michael C. Tackeff (TN BPR #036953)*