PHILIP SCHWAB, individually and on
behalf of those similarly situated,

     Plaintiff,

v.

RESEARCH TRIANGLE INSTITUTE
d/b/a RTI INTERNATIONAL,

     Defendant.

**PLAINTIFF'S RULE 26(F) REPORT**

Pursuant to Federal Rule of Civil Procedure 16(b) and 26(f), and M.D.N.C. Local Rules 16.3 and 26.1, Plaintiff Philip Schwab respectfully submit this Rule 26(f) Report to the Court. The parties were unable to come to an agreement regarding a joint Report.

1. A meeting was held by telephonic conference on May 5, 2026. Attendees were Michael Tackeff and Troy Shelton for Plaintiff, and Mark Hiller, Julian Wright, and Brendan Biffany for Defendant.

2. Discovery Plan. Plaintiff proposes the following discovery plan:

    a. Discovery should not be postponed while the Court decides the pending renewed motion to dismiss. This Court already denied a Motion to Continue the Pretrial Conference and stated in its May 4, 2026 order that "there is no reason to delay discovery." D.E. 23.

    b. The commencement date of discovery will be upon entry of the scheduling order.

c. Discovery will be needed on the following subjects:

    i. The layoffs and/or involuntary terminations that occurred within 90 days of June 3, 2025.

    ii. The factual bases for Plaintiff's claims and Defendant's defenses to those claims.

    iii. Discovery on any other relevant matters within the scope of rule 26 of the Federal Rules of Civil Procedure.

    iv. Plaintiff respectfully submits that discovery should <u>not</u> be phased between class and merits phases.

d. The time to make the disclosures required by Rule 26(a) shall be 21 days after the scheduling order is entered.

e. Plaintiff proposes that the appropriate case management track for this case pursuant to Local Rule 16.2 and 26.1(a)(3) is Exceptional. Plaintiff asserts that this is a complex class action matter that will involve significant discovery into fact-intensive issues.

    i. The date for completion of all discovery (general and expert) is: 9 months from date of entry of order.

    ii. Interrogatories and requests for admission are limited to 30 per party consistent with Local Rule 26.1(a)(3).

    iii. Depositions are limited to 10 per party, including experts. The parties agree to meet and confer about any proposed modifications

to these numbers if necessary. The Parties further shall have a duty to confer with each other in an attempt to resolve scheduling conflicts prior to scheduling depositions.

    iv. All expert depositions must be completed by the discovery deadline.

    v. Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the court.

  f. Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period. Affirmative expert reports are due 2 months before discovery ends, and rebuttal expert reports are due 1 month before discovery ends.

3. Mediation. Plaintiff respectfully submits that mediation would likely be productive towards the end of the discovery period.

4. Preliminary Deposition Schedule. Plaintiff proposes to the following schedule:

  a. Depositions of fact witnesses will occur before the close of discovery.

  b. Expert depositions will occur during the final month of discovery.

  c. The parties will update this schedule at reasonable intervals.

5. Other items.

  a. Plaintiff should be allowed until three months from the date of this order to join additional parties. Defendant should be allowed until four months from the date of this order to join additional parties. After these dates, the

Court will consider, inter alia, whether the granting of leave would delay trial.

b. At this point, Plaintiff does not consent to trial before a Magistrate Judge.

c. Trial of this action is expected to take 7 days. Plaintiff has demanded a jury trial.

d. The parties have agreed to a Local Rule 5.5 report and will be filing jointly.

e. The basis of federal subject matter jurisdiction is federal question.

f. Pursuant to Local Rule 23.1(b), Plaintiff respectfully submits that the deadline for moving to certify this case as a class action should be set 45 days after discovery ends. Local Rule 23.1(b) expressly provides for "postponement of the determination pending discovery or such other preliminary procedures as appear to be appropriate and necessary in the circumstances." Plaintiff suggests a deadline of 45 days after a ruling on class certification for dispositive motions.

Dated: May 14, 2026

Respectfully submitted,

/s/ *Troy D. Shelton*_____
Troy D. Shelton
N.C. Bar No. 48070
tshelton@dowlingfirm.com
**DOWLING PLLC**
3801 Lake Boone Trail, Suite 260
Raleigh, NC 27607
Tel: (919) 529-3351

4

/s/ Michael C. Tackeff
Michael C. Tackeff (TN BPR #036953)*
J. Gerard Stranch, IV (TN BPR #23045)*
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
mtackeff@stranchlaw.com

Lynn A. Toops*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenmalad.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI, LLP**
613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775
F: (608) 509-4423
sam@straussborrelli.com
raina@straussborrelli.com

*Admitted Special Appearance or Forthcoming*

*Counsel for Plaintiff and the Proposed Class*

5

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this brief complies with the word-count limitation in Local Rule 7.3(d).

*/s/ Michael C. Tackeff*
Michael C. Tackeff (TN BPR #036953)*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2026, the foregoing document was filed with the Clerk of the Court via the Court's CM/ECF system, which will serve on all counsel of record.

*/s/ Michael C. Tackeff*
Michael C. Tackeff (TN BPR #036953)*

Case 1:25-cv-00481-LAF-JEP    Document 25    Filed 05/14/26    Page 6 of 6