PHILIP SCHWAB, individually and
on behalf of those similarly situated,

Plaintiff,

v.

RESEARCH TRIANGLE INSTITUTE
d/b/a RTI INTERNATIONAL,

Defendant.

**DEFENDANT'S RULE 26(f)
REPORT**

1.      Pursuant to Fed. R. Civ. P. 26(f) and LR 16.1(b), a conference was held on May 5, 2026, by telephone and was attended by Michael Tackeff and Troy Shelton for Plaintiff Philip Schwab ("Schwab") and Mark Hiller, Julian Wright, and Brendan Biffany for Defendant Research Triangle Institute ("RTI"). The parties thereafter continued conferring via email about case management issues.

2.      <u>Discovery Plan</u>. RTI proposes to the Court the following discovery plan:

> a.      <u>Pending Dispositive Motion</u>. RTI has filed a motion to dismiss Schwab's amended complaint with prejudice under Fed. R. Civ. P. 12(b)(6). (ECF No. 19.) Schwab asserts only one claim—violation of the WARN Act, 29 U.S.C. § 2101 *et*

*seq.*—and briefing on RTI's motion will be completed on May 28, 2026. If granted, RTI's motion will dispose of the entire case. RTI's position on commencing discovery is that the initial pretrial order should preserve the Court's opportunity to rule definitively on RTI's motion without risk that such ruling will be effectively mooted by the passage of time and occurrence of document and deposition discovery before the ruling is made. For this reason, discovery should be postponed pending determination of RTI's motion to dismiss. *See* LR 26.1(a) at n.1 ("For instance, when a party has filed a dispositive motion, particularly when filed in lieu of an answer, which could dispose of the entire case or significant issues in the case, there may be a good reason to delay the start of discovery or to place limits on discovery while the motion is pending.").

RTI acknowledges the Court's May 4, 2026 Order denying RTI's motion to continue the Initial Pretrial Conference. (ECF No. 23.) The Order states in part that, "[h]aving reviewed the pending motions, the Court concludes that

2

there is no reason to delay discovery." (*Id.*) Assuming the Court means that document and deposition discovery shall proceed—rather than only that the Initial Pretrial Conference shall proceed and an initial pretrial order will issue—RTI respectfully disagrees with the Court's Order and respectfully reserves its right under Fed. R. Civ. P. 72(a) to object to an initial pretrial order that does not postpone discovery until the Court definitively rules on RTI's motion to dismiss.

For the above reasons, discovery should be postponed until the Court issues a definitive ruling on RTI's motion to dismiss Schwab's amended complaint. If the Court denies RTI's motion to dismiss, discovery should then proceed in two phases as described below, beginning with Phase One discovery related to class certification.

If, instead, the Court does not postpone discovery pending the determination of RTI's motion to dismiss, then, subject to RTI's right to object to that initial pretrial order, discovery

3

still should proceed in two phases, beginning with Phase One discovery related to class certification, as described further below.

RTI welcomes the opportunity to discuss these issues further with the Court at the Initial Pretrial Conference set for May 21, 2026.

b. <u>Commencement Date</u>. Discovery should be bifurcated into two phases, with Phase One focused on and limited to class certification-related discovery, and Phase Two focused on merits discovery, as described further below. Bifurcation is warranted because RTI anticipates making multiple, independent arguments against class certification. Bifurcating discovery and resolving Schwab's class certification motion before proceeding to Phase Two discovery may avoid a potentially unnecessary expenditure of resources by the Court and parties.

    i. If the Court postpones discovery until after the Court decides RTI's motion to dismiss Schwab's amended

4

complaint, then the "commencement date" of Phase One discovery should be upon entry of the Court's Order, if any, denying RTI's motion to dismiss. The "commencement date" and parameters of Phase Two discovery will depend on the Court's decision regarding class certification, and thus the parties should meet and confer regarding Phase Two discovery within 15 days after the Court's ruling on class certification.

ii. If the Court does not postpone discovery until after the Court decides RTI's motion to dismiss, then, subject to RTI's right to object to that initial pretrial order, the "commencement date" of Phase One discovery should be the later of the date on which the Court enters an initial pretrial order or June 1, 2026. The "commencement date" and parameters of Phase Two discovery will depend on the Court's decision regarding class certification, and thus the parties should meet and confer regarding Phase Two

5

discovery within 15 days after the Court's ruling on class certification.

c. <u>Subjects of Discovery</u>. Phase One discovery should be limited to and focused on issues relating to the propriety of class certification of Schwab's claim. Phase Two discovery should focus on merits-related issues.

d. <u>Case-Management Track</u>. Discovery should be placed on a case-management track established in LR 26.1. RTI proposes that the appropriate plan for this case (with stipulated modifications, including phased discovery, as set out in this Report) is that designated in LR 26.1(a) as a complex case.

RTI understands that Schwab proposes this case to be designated "exceptional" under LR 26.1(a). Such designation is not warranted. The exceptional designation "is reserved for cases of exceptional complexity" and "is not to be used for ordinary federal cases even though such cases have some complexity and require significant discovery." LR 26.1(a)(3).

6

Here, Schwab's amended complaint asserts only one claim. This case does not involve "exceptional complexity."

RTI further understands that Schwab proposes that his class certification motion be due 45 days after the completion of the 9-month discovery period under the exceptional discovery track. Schwab thus proposes that the class certification motion be due approximately 315 days (9 months plus 45 days) after entry of the initial pretrial order. That request is contrary to LR 23.1(b), which creates a default class certification motion deadline of 90 days after entry of the initial pretrial order—which is what RTI proposes below.

e.   <u>Discovery Completion</u>.

    i.  If the Court postpones discovery until after the Court decides RTI's motion to dismiss Schwab's amended complaint, then the date for the completion of Phase One discovery shall be 90 days after the entry of the Court's Order, if any, denying RTI's motion to dismiss.

7

Schwab's deadline to file a motion for class certification shall also be 90 days after the entry of the Court's Order, if any, denying RTI's motion to dismiss Schwab's amended complaint, consistent with LR 23.1(b).

ii. If the Court does not postpone discovery until after the Court decides RTI's motion to dismiss, then, subject to RTI's right to object to that initial pretrial order, the date for the completion of Phase One discovery shall be 90 days after the later of the date on which the Court enters an initial pretrial order or June 1, 2026. Schwab's deadline to file a motion for class certification shall also be 90 days after the later of the date on which the Court enters an initial pretrial order or June 1, 2026, consistent with LR 23.1(b).

f. Stipulated Modifications. As explained above, RTI proposes that discovery proceed in two phases, with Phase One limited to class certification issues and Phase Two focused on merits issues. Because the scope and parameters of Phase Two discovery will depend on the Court's resolution of

8

Plaintiffs' motion for class certification, the parties should meet and confer regarding Phase Two discovery within 15 days after the Court's Order on class certification and thereafter submit a supplemental discovery schedule. RTI proposes Phase One discovery limitations of 10 interrogatories and requests for admission per side, 20 document requests per side, and 4 depositions per side.

g.    Expert Reports. At this time, RTI does not anticipate submitting any expert reports in connection with Phase One discovery. Under RTI's phased discovery approach, the parties will propose expert-related deadlines for Phase Two discovery as part of a supplemental discovery schedule after a ruling by the Court on class certification.

3.    Mediation. Mediation should be conducted late in the Phase Two discovery period, the exact date to be set by the mediator after consultation with the parties. The parties do not have agreement on a mediator at this time. The parties should confer during Phase Two discovery to attempt to reach agreement on a mediator.

4.    Preliminary Deposition Schedule. RTI proposes that the parties conduct fact-witness depositions relating to class certification issues during the

9

second half of the Phase One discovery period.

5. <u>Other Items</u>.

    a.    <u>Amendment of Pleadings and Joinder of Additional Parties</u>. The parties should propose deadlines for motions to amend the pleadings or join additional parties as part of their supplemental discovery schedule for Phase Two discovery.

    b.    <u>Initial Disclosures</u>.

       i.  If the Court postpones discovery until after the Court decides RTI's motion to dismiss Schwab's amended complaint, then the parties should serve the disclosures required by Fed. R. Civ. P. 26(a)(1) within 14 days after entry of the Court's Order, if any, denying RTI's motion to dismiss Schwab's amended complaint.

      ii.  If the Court does not postpone discovery until after the Court decides RTI's motion to dismiss, then, subject to RTI's right to object to that initial pretrial order, the parties should serve the disclosures required by Fed. R. Civ. P. 26(a)(1) within 14 days after the later of the date on which the Court enters an initial pretrial order

10

or June 1, 2026.

c.    <u>Special Procedures</u>. The parties have conferred about special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. §§ 636(c), or appointment of a master. RTI respectfully does not consent to the reference of this case to a Magistrate Judge or appointment of a master.

d.    <u>Length of Trial</u>. Trial of the action is expected to take approximately five days. A jury trial has been demanded.

e.    <u>Sealed Documents</u>. The parties discussed whether the case will involve the possibility of confidential or sealed documents. The case may involve confidential or sealed documents. The parties will file a LR 5.5 Report.

f.    <u>Federal Subject Matter Jurisdiction</u>. The basis of federal subject matter jurisdiction is federal question.

This the 15th day of May, 2026.

*/s/ Mark A. Hiller*
Mark A. Hiller
N.C. Bar No. 50004
mhiller@rbh.com

ROBINSON, BRADSHAW & HINSON, P.A.
1450 Raleigh Road, Suite 100
Chapel Hill, North Carolina 27517

11

Phone: 919.328.8800

Julian H. Wright, Jr.
N.C. Bar No. 19345
jwright@rbh.com

Brendan P. Biffany
N.C. Bar No. 54761
bbiffany@rbh.com

ROBINSON, BRADSHAW & HINSON, P.A.
600 South Tryon Street, Suite 2300
Charlotte, North Carolina 28202
Phone: 704.377.2536

*Attorneys for Defendant*

12