# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
## Civil Action No.: 1:25-cv-00481-LAF-JEP

| | |
|---|---|
| PHILIP SCHWAB, individually and on behalf of those similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>RESEARCH TRIANGLE INSTITUTE d/b/a RTI INTERNATIONAL,<br><br>       Defendant. | |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

## Introduction

Plaintiff Philip Schwab's response fails to engage with or refute Defendant RTI's arguments for dismissal, fails to identify factual allegations in the amended complaint sufficient to state a WARN Act claim, and fails to cite any case law supporting his position. Instead, Schwab asks the Court to excuse his failure to allege **any** facts about the work locations or travel of former employees who did not work at RTI's Durham headquarters (the "Facility"), and to violate outright the Fourth Circuit's controlling holding in *Meson* that subpart (6) applies "'only to truly mobile workers without a regular, fixed place of work.'" *Schwab v. Research Triangle Institute*, No. 1:25-cv-481, 2026 WL 673105, at *3 (M.D.N.C. Mar. 10, 2026) (quoting *Meson v. GATX Technology Servs. Corp.*, 507 F.3d 803, 809 (4th Cir. 2007)). Schwab's failure to allege this essential information—including, most basically, about himself—requires dismissal.

## Argument

### A. Schwab does not dispute that he fails to allege information that *Meson* holds is essential to invoke subpart (6), and thus fails to state a WARN Act claim.

RTI showed that Schwab's amended complaint fails to state a WARN Act claim because it never alleges employment losses by him and a statutorily sufficient number of other workers at the Facility, which is the

only single site of employment he alleges. (ECF No. 20 at 17-29.) The amended complaint describes two different groups of former employees: those who "worked at" the Facility and those who "worked in physical locations other than Durham, North Carolina." (Am. Compl. ¶¶ 26, 30, 32.) Schwab alleges that *collectively* more than 500 employees were laid off across both groups, but he never alleges the number of layoffs within each group. (*Id.*) As a result, he alleges no mass layoff of the employees who physically worked at the Facility. (ECF No. 20 at 20-21.) Nor does Schwab allege that he was among these employees. (*Id.* at 21.) Schwab *still* never alleges where he physically worked.

Without these allegations, to state a claim Schwab must allege facts that could establish the Facility as also being the single site of employment of the second group of former employees: those who did *not* physically work there. (*Id.* at 21-28.) Schwab fails to do so. (*Id.*)

Schwab artfully avoids alleging where these individuals physically worked. He alleges only that they "received direction and supervision of their work from" the Facility. (Am. Compl. ¶¶ 14, 17, 25, 35.) While this language parrots that of subpart (6), the only potential basis to infer that the Facility is their single site of employment, Schwab fails to allege facts needed to invoke that regulation. (ECF No. 20 at 23-26.) *See Rhoads v. Guilford Cnty., N.C.,*

3

751 F. Supp. 3d 590, 559 (M.D.N.C. 2024) ("mere legal conclusions should not be accepted as true" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Under the Fourth Circuit's controlling interpretation of subpart (6) in *Meson*, that regulation applies "'only to truly mobile workers without a regular, fixed place of work.'" *Schwab*, 2026 WL 673105, at *3 (quoting *Meson*, 507 F.3d at 809). Accordingly, to invoke subpart (6), Schwab must allege facts showing that the employees who did not physically work at the Facility lacked a fixed place of employment and were "truly mobile." *See Karroll v. Car Toys, Inc.*, 765 F. Supp. 3d 506, 521-22 (D.S.C. 2025) (holding that plaintiff failed to allege facts sufficient to invoke subpart (6) when he did not allege that his primary duty involved traveling); *Dargon v. Xtend Healthcare, LLC*, No. 3:25-cv-13, 2026 WL 882761, at *14 (M.D. Tenn. Mar. 31, 2026) (reviewing *Meson* and holding that subpart (6) does not apply to "remote (non-mobile) workers like Plaintiff . . . who telecommute for work and do not otherwise *travel for* work" (emphasis in original)).

Schwab alleges no such facts. He alleges **nothing** about the work locations of **any** former employees who worked outside of the Facility. Much less does he allege that these employees lacked a fixed place of employment and were "truly mobile," or even travelled **at all**. Nor does Schwab allege any

such information about himself. *Meson* is clear: absent these allegations, Schwab cannot rely on subpart (6) to make the Facility the single site of employment of former employees who did not physically work there. He thus alleges no mass layoff at the Facility, and no WARN Act violation.

Schwab does not and cannot dispute these points. He does not dispute that he alleges two different groups of former employees (those who worked at the Facility and those who worked elsewhere). He cannot dispute that he alleges more than 500 layoffs only **collectively** across both categories, but not individually within either. He does not dispute that subpart (6) is the only potential basis for the Facility to be the single site of employment of the former employees who did not work there.[1] He cannot dispute that under *Meson*, subpart (6) applies only to truly mobile workers who lack a regular, fixed place of work. He does not dispute that the amended complaint fails to allege his physical work location, whether he lacked a fixed place of work, and whether he traveled at all for work. And he cannot dispute that the amended complaint lacks these facts as to all other former employees who he

---

[1] At the initial pretrial conference, Schwab's counsel referred to 20 C.F.R. § 639.3(i)(8), which states that a "single site of employment" might encompass "truly unusual organizational situations." RTI showed that Schwab alleges no facts triggering this provision. (ECF No. 20 at 27-28.) Schwab's response does not contest this point, and Schwab's counsel identified no such facts at the conference.

alleges did not physically work at the Facility.

In short, Schwab's failure to allege essential facts, including about his own employment, defeats his claim.

### B.    Schwab's responses are meritless.

Schwab attempts a handful of responses to RTI's arguments. Each is meritless.

***First***, Schwab asserts that an employee's single site of employment is a mixed question of fact and law that cannot be resolved on a motion to dismiss. This Court's own Opinion & Recommendation doing just that refutes Schwab's argument. *Schwab*, 2026 WL 673105, at \*4. So too do the numerous other cases RTI cited, and Schwab ignores, in which district courts have dismissed complaints that failed to allege facts sufficient to invoke subpart (6). *E.g.*, *Karroll*, 765 F. Supp. 3d at 521-22; *Hubbard v. Goldschmitt & Assocs., LLC*, No. 1:25-cv-812, 2026 WL 767685, at \*3-4 (E.D. Va. Mar. 18, 2026); *Piron v. Gen. Dynamics Info. Tech., Inc.*, No. 3:19-cv-709, 2020 WL 1159383, at \*4 (E.D. Va. Mar. 10, 2020); *Dargon*, 2026 WL 882761, at \*10-14.[2]

---

[2] At the initial pretrial conference, Schwab's counsel referenced *In re Sunnova Energy Int'l*, No. 25-90160, 2026 WL 598476 (Bankr. S.D. Tex. Mar. 3, 2026). That case, which Schwab does not cite in his response, supports RTI. Although that case held that subpart (6) could plausibly apply to remote workers, the court acknowledged *Meson*'s contrary rule, expressly disagreed

6

Schwab's argument also turns Federal Rule of Civil Procedure 8 on its head. Here, there ***might*** have been a factual dispute requiring discovery ***if*** Schwab had alleged sufficient facts about his and others' work locations and mobility. ***Then***, discovery ***might*** have been needed to determine the particulars of those facts and how they match up to *Meson*'s requirements. Schwab, however, alleges no such information whatsoever. Schwab cannot use the ***absence*** of facts to claim there is a dispute over those non-existent facts. Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).[3]

---

with it, and twice emphasized that "this Court is not bound by *Meson*." *Id.* at *4-12. *In re Sunnova* thus confirms that if *Meson* had governed, as it does here, the court would have ruled for the employer on that issue.

[3] In his response, Schwab string cites three cases to argue that "the single site of employment question requires factual testing." (ECF No. 24 at 5 (citing *Viator v. Delchamps Inc.*, 109 F.3d 1124,1126 (5th Cir. 1997), *In re Dewey & Leboeuf LLP*, 487 B.R. 169, 175 (Bankr. S.D.N.Y. 2013), and *In re Protected Vehicles, Inc.*, 392 B.R. 633, 636 (Bankr. D.S.C. 2008)).) Those cases do not support Schwab's argument. The single site of employment element was not at issue or even discussed in *Dewey & LeBoeuf* or *Protected Vehicles*. And although *Viator* addressed the single site of employment issue, there is no indication the employer filed a motion to dismiss, and the Fifth Circuit ruled for the employer on summary judgment that three physically distinct stores were separate sites of employment. That case did not present the issues raised here. None of Schwab's cited cases bears on whether he has alleged facts sufficient to state a claim, and none helps his argument.

At the initial pretrial conference, the Court referred to the evolving case law addressing the WARN Act and remote employees. As RTI's counsel explained, the Court need not delve into those issues to resolve RTI's motion. Instead, dismissal is required for a simple reason: *Meson* holds that subpart (6) applies only to workers who lack a fixed place of employment and are truly mobile, and Schwab alleges no such information about himself or any other former employee. Accordingly, no factual or legal question exists about whether such information, if Schwab **had** alleged it, would satisfy *Meson*. He simply offers no such allegations for the Court to consider, and therefore fails under *Meson* to invoke subpart (6).[4]

**Second**, Schwab says he states a WARN Act claim because he "pleaded that all employees laid off by Defendant took direction from the Facility in Durham" and "RTI terminated over 500 employees during the 90-day period surrounding his termination." (ECF No. 24 at 6 (citing Am. Compl. ¶¶ 17, 25, 32, 34, 35).) Schwab, however, cites no case law supporting that those allegations are sufficient. Nor could he. Under *Meson*, allegations that

---

[4] Schwab also invokes the law of the case doctrine. Initially, a magistrate judge's recommendation is not law of the case unless adopted by a district judge, and here the Court terminated its recommendation as moot once Schwab amended his complaint. *See Lettieri v. Equant Inc.*, 478 F.3d 640, 652 (4th Cir. 2007). Regardless, this Court's recommendation supports RTI's position by confirming that failure to allege sufficient facts to invoke subpart (6) requires dismissal.

employees "took direction from" RTI's headquarters—without factual allegations that those employees are "truly mobile workers without a regular, fixed place of work"—are insufficient to invoke subpart (6). *Meson*, 507 F.3d at 809. Indeed, *Meson* expressly rejected Schwab's very argument. *See id.* (rejecting plaintiff's argument that "because she received work assignments from, and reported to, officials at the Tampa headquarters, the Tampa office should be considered her single site of employment").

Instead, as RTI showed, courts consistently apply *Meson* to reject the application of subpart (6) when the plaintiff has not alleged facts showing that employees were truly mobile and lacked a fixed work location. *Car Toys*, 765 F. Supp. 3d at 521-22 (rejecting application of subpart (6) when plaintiff alleged he worked as retail employee at kiosks); *Hubbard*, 2026 WL 767685, at *3-4 (rejecting application of subpart (6) when plaintiff alleged that he and other terminated employees worked from home); *Piron*, 2020 WL 1159383, at *4 (holding allegation that plaintiffs "worked remotely" did not plausibly invoke subpart (6)); *In re Storehouse*, No. 06-11144, 2010 WL 4453849, at *3-4 (Bankr. E.D. Va. Nov. 3, 2010) (rejecting application of subpart (6) when employee worked from home and from a small office in the back of a retail store); *Dargon*, 2026 WL 882761, at *10-14 (finding *Meson* persuasive and

9

holding that subpart (6) does not apply to remote employees who have fixed work locations).

Schwab has no response to these cases. He tries to dodge them by claiming that the Court's Opinion "ruled on this issue already" when stating in footnote two that "[t]he applicability of subpart (6) to remote workers is a fact-intensive inquiry." (ECF No. 24 at 7.) Schwab's argument, however, is a red herring because RTI's motion does not ask this Court to decide the applicability of subpart (6) to remote workers. Rather, as noted above, RTI's motion asks the Court to hold only that Schwab has not pled sufficient facts to invoke subpart (6) as construed by *Meson*. Both *Meson* and this Court's Opinion are clear: the "Court of Appeals for the Fourth Circuit has held that subpart (6) above applies 'only to truly mobile workers without a regular, fixed place of work.'" *Schwab*, 2026 WL 673105, at *3 (quoting *Meson*, 507 F.3d at 809). By asserting that he need not allege these facts, Schwab asks the Court to contravene binding precedent.

***Third***, Schwab asserts he has alleged new facts sufficient to state a claim: that (1) "Plaintiff received direction from Durham," (2) "he held a security badge for the Durham location," (3) "RTI sent him a severance proposal," and (4) "his single site of employment was Durham." (ECF No. 24 at 7 (citing Am. Compl. ¶¶ 2, 14-17, 22).)

10

None of these allegations, either individually or collectively, is sufficient to invoke subpart (6). The fourth is a legal conclusion entitled to no deference, and therefore irrelevant. *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

The first three are insufficient to trigger subpart (6) because none of them alleges what *Meson* expressly requires: that the former employees who did not physically work at the Facility lacked a regular, fixed place of work and were truly mobile. The only allegation that even potentially hints at these factual questions is that Schwab had a security badge for the Facility. Tellingly, however, Schwab never alleges his use of it, and thus alleges no facts establishing that he was a truly mobile worker. Further, and regardless, he does not allege that any other former employee who did not work at the Facility had a security badge for the Facility or, if so, ever used it, how often, and for what purpose.

In short, *Meson*'s requirements are clear, and Schwab fails to meet them. By alleging no information whatsoever about the former employees who did not physically work at the Facility—including whether each of them lacked a fixed work location and was truly mobile—Schwab has failed to allege facts sufficient to invoke subpart (6). And because subpart (6) is the

11

only potential basis to make the Facility the single site of employment for former employees who did not physically work there, Schwab has failed to allege facts essential to stating a claim.

*Finally*, because Schwab has not met his burden, he tries to flip the burden to RTI. He asserts that it is not his "burden at this stage of the case to [provide] information that is exclusively in RTI's custody or control, or to plead around anticipated defenses by RTI." (ECF No. 24 at 7.) Schwab has the Rule 12(b)(6) standard backwards. Under that standard, it is ***Schwab's burden*** to plead facts sufficient to allow a plausible inference of a legal violation. *Iqbal*, 556 U.S. at 678-79. As explained above, he fails to meet that burden.

RTI's motion to dismiss is not based on any defense for which RTI would have the burden of proof, and does not demand that Schwab plead around any such defense. RTI bases its argument solely on Schwab's failure plausibly to allege a mass layoff at a single site of employment, which is a necessary element of his claim. *Schwab*, 2026 WL 673105, at \*3 (setting forth the elements of a WARN Act claim, including "a loss of a sufficient number of full-time employees at a single site of employment"). Hence this Court and others regularly dismiss WARN Act claims at the Rule 12(b)(6) stage for failure to allege sufficient facts to plausibly establish the single site of

employment element. *E.g.*, *id.* at \*4; *Car Toys*, 765 F. Supp. 3d at 521-22; *Hubbard*, 2026 WL 767685, at \*3-4; *Piron*, 2020 WL 1159383, at \*4; *Dargon*, 2026 WL 882761, at \*10-14.[5] Just as in those cases, Schwab's failure to allege essential facts merits dismissal.

Schwab asserts that the "needed factual development" to support his claim is "uniquely in RTI's custody and control." (ECF No. 24 at 6.) Schwab, however, provides no explanation for failing to allege information about his **own** work location and circumstances—including whether, under *Meson*, his location was fixed and he travelled for work. Nor does he allege such information about any other former employee even on information and belief. Schwab's failure to allege this information is not an argument in his favor, but only an admission that he has not alleged facts necessary to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations

---

[5] *Piron* dismissed the plaintiffs' original WARN Act claims but allowed the plaintiffs' second amended complaint to proceed because it "allege[d] facts from which it plausibly could be held" that plaintiffs fit within subpart (6) as construed by *Meson*. *Piron v. Gen. Dynamics Info. Tech., Inc.*, No. 3:19-cv-709, ECF No. 50 (E.D. Va. June 2, 2021). Critically, however, the second amended complaint alleged numerous facts demonstrating that plaintiffs were truly mobile workers who traveled substantially as part of their principal job duties. *See id.* at ECF No. 39. The court's decision allowing the claim to proceed is thus fully consistent with the other decisions cited above dismissing complaints that do **not** allege these facts. Indeed, RTI is unaware of **any** district court case within the Fourth Circuit that has allowed a WARN Act claim to proceed based on subpart (6) without any factual allegations showing the lack of a fixed place of employment and mobility.

13

must be enough to raise a right to relief above the speculative level.").

## Conclusion

The Court should dismiss the amended complaint. Because Schwab has amended already, dismissal should be with prejudice. At a minimum, the Court should dismiss without prejudice. The amended complaint plainly fails under *Meson* and should not proceed under controlling law.

This 28th day of May, 2026.

/s/ Mark A. Hiller
Mark A. Hiller
N.C. Bar No. 50004
mhiller@rbh.com

ROBINSON, BRADSHAW & HINSON, P.A.
1450 Raleigh Road, Suite 100
Chapel Hill, North Carolina 27517
Phone: 919.328.8800

Julian H. Wright, Jr.
N.C. Bar No. 19345
jwright@rbh.com

Brendan P. Biffany
N.C. Bar No. 54761
bbiffany@rbh.com

ROBINSON, BRADSHAW & HINSON, P.A.
600 South Tryon Street, Suite 2300
Charlotte, North Carolina 28202
Phone: 704.377.2536

*Attorneys for Defendant*

14

## <u>Certificate of Compliance</u>

Pursuant to Local Rule 7.3(d)(1), I hereby certify that this brief contains fewer than 3,125 words (not counting the portions of the brief excluded by Local Rule 7.3(d)(1)) as reported by the word-processing software.

This 28th day of May, 2026.

/s/ Mark A. Hiller
Mark A. Hiller

15