# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### Case No. 1:25-cv-00481-LAF-JEP

**PHILIP SCHWAB**, individually and
on behalf of those similarly situated,

Plaintiff,

v.

**RESEARCH TRIANGLE INSTITUTE
d/b/a RTI INTERNATIONAL**,

Defendant.

**[PROPOSED] PROTECTIVE
ORDER**

To expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes and disputes concerning confidentiality, protect certain materials designated as "Confidential" and "Highly Confidential" (as defined herein) that may be produced or otherwise disclosed during the course of this lawsuit, and ensure that protection is afforded only to material so designated, the Court, with the Parties' consent, enters a Protective Order in this case according to the following terms.

**THEREFORE**, it is hereby **ORDERED** that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following confidentiality provisions shall govern all information and documents disclosed in discovery or otherwise in this action:

1. <u>General Scope of Order</u>.  This Order shall govern the handling of confidential documents, information, and other material produced in response to any discovery request or other request for information by Plaintiff and Defendant in this action, all information contained therein, and all copies, excerpts or summaries thereof, specifically including, but

not limited to, answers to requests for admissions, answers to interrogatories, responses to requests for production of documents and documents produced in accordance therewith, documents subpoenaed in connection with depositions and any deposition transcript or portion thereof ("Discovery Material") as to which protection is sought in accordance with this Order. The protections conferred by this Order cover not only confidential Discovery Material but also any confidential information copied or extracted therefrom, and all copies, excerpts, summaries, or compilations thereof, as well as testimony, conversations, or presentations by the Parties or their counsel in Court and other settings.

2. <u>Confidential Discovery Material</u>. Any Party or nonparty (each, a "Producing Party") producing, or providing Discovery Material in response to discovery in this action, may mark or designate as "Confidential" all or any part of the Discovery Material that the Producing Party reasonably believes contains nonpublic, confidential, proprietary, commercially sensitive, or personally sensitive information (including personally identifying information), or is otherwise subject to the protection of applicable law. Any Party or nonparty receiving Discovery Material in this action (a "Receiving Party") may also mark or designate such Discovery Material as "Confidential." Any Producing Party or Receiving Party so marking or designating Discovery Materials shall be referred to in this Order as a "Designating Party."

3. <u>Highly Confidential Discovery Material</u>. Any Designating Party may mark or designate as "Highly Confidential" any Discovery Material that the Designating Party

2

reasonably believes contains highly confidential competitive, financial, commercial, personal, trade secret, or proprietary information.

       4.     <u>Procedure for Designating Information</u>. The designation of Discovery Material as Confidential or Highly Confidential shall be made at the time the information is produced or furnished, or at a later time as provided herein. Discovery Material may be designated as Confidential or Highly Confidential in the following manner:

      a.     In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the words "Confidential" or "Highly Confidential" by stamp or other method which will make the designation conspicuous. Confidential or Highly Confidential documents produced in native formats should have the confidentiality designation indicated in the production file name;

      b.     In the case of answers to interrogatories, designation shall be made by placing the words "Confidential" or "Highly Confidential" adjacent to or at the end of any answer deemed to contain confidential or highly confidential information;

      c.     In the case of depositions or other pretrial testimony in this action, either (i) by a statement to that effect on the record by counsel for the Designating Party who claims that Confidential or Highly Confidential information is about to be or has been disclosed, or (ii) by written notice to counsel made within twenty-one (21) days after

3

receiving the transcript of the proceedings (or in such other time period as the Parties shall mutually agree is appropriate). A written notice provided after the testimony must specifically designate the pages and lines of the testimony that are to be designated as Confidential or Highly Confidential. Deposition transcripts shall be treated as Highly Confidential during the first 21 calendar days following the first date of delivery of the transcript. The failure to designate any portion of a transcript as confidential during this 21-day period shall not prejudice the right of any Designating Party to make additional good-faith designations at a later time.

d. If Designating Party inadvertently fails to designate information, documents, or data disclosed as Confidential or Highly Confidential at the time of disclosure, they shall make all reasonable efforts to timely designate the protected material and to identify the specific portion of the information, documents, or data disclosed to be designated as Confidential or Highly Confidential. Upon notification, the Receiving Party shall make reasonable efforts to assure that the designated Discovery Material is treated in accordance with the provisions of this Order from that point forward. There shall be no violation of this Order for failing to maintain the confidentiality of such Discovery Material during a time when that material has not been designated

4

Confidential or Highly Confidential. Designation of Discovery Material under the terms of this Order, or failure to designate, will not constitute an admission that information or documents are or are not confidential or trade secrets.

5. <u>Restricted Use of Confidential Discovery Materials</u>. Confidential Discovery Material shall be used solely for the purposes of prosecuting, defending, and attempting to resolve this action and shall not be used, directly or indirectly, for any other purpose whatsoever. Confidential Discovery Material shall not be disclosed to any person or entity except the following:

      a. The Court and its personnel (including the Clerk's office, stenographic reporters and videographers engaged in such proceedings as are necessary to the preparation for trial and the trial of this action);

      b. Outside counsel of record in this action, as well as their staff members, professional and para-professional employees to whom it is reasonably necessary to disclose the information for this action. If a Party or outside counsel for a Party engages third-party attorneys to review documents produced in this action, such third-party attorneys must execute the Acknowledgement and Agreement to be Bound by Protective Order (the "Acknowledgement") attached hereto as <u>Exhibit A</u> before receiving Confidential Discovery Material;

      c. In-house counsel for a Party and staff working with such counsel;

d.     The Parties themselves, including officers, managers, directors, and employees (but excluding in-house counsel for a Party and staff working with such counsel) of a Party who have a need to know the information for purposes of this action and after such persons have executed the Acknowledgement;

e.     Expert witnesses, after such persons have executed the Acknowledgement;

f.     Service contractors (such as litigation support vendors, jury or trial consultants, court reporters, and outside photocopying or imaging service vendors) to whom disclosure is reasonably necessary for purposes of this action;

g.     The Parties' insurers and their staff who have responsibility for the insurer's obligations in connection with this action;

h.     Any mediator jointly retained by the Parties, after such mediator has executed the Acknowledgement and only to the extent necessary for the mediator to perform his or her assigned tasks in connection with this action;

i.     The author or recipient of a document containing the information, or a custodian or other person who otherwise possessed and knew the information;

6

j.    Witnesses (who are not otherwise described in the other subparagraphs of this Paragraph 5) providing testimony in either a deposition, hearing, trial, or other proceeding in connection with this action where a Party deems it reasonably necessary for the witness to review the information in preparation to testify regarding the information and after such persons have executed the Acknowledgement. If a Party seeks to use in a deposition, hearing, trial, or other proceeding in connection with this action or question a witness from information or material that is designated as Confidential Discovery Material, that Party shall, before questioning, notify the other Party of its intent to elicit such information or ask questions based on such information to allow time for any persons not permitted by this Order to access such information to leave the proceeding. Witnesses shall not retain a copy of documents containing Confidential Discovery Material, except that witnesses may receive a copy of all exhibits marked at their depositions in connection with a review of the transcript or to prepare for a hearing in this action, provided that upon completion of the review or preparation, all Confidential Discovery Material shall be returned to counsel who supplied it to the witness (and/or the witness's counsel); and

7

k. Such other persons as the Parties may mutually agree in writing may be shown the information.

6. Further Restricted Use of Highly Confidential Discovery Materials. Highly Confidential Discovery Material shall be used solely for the purposes of prosecuting, defending, and attempting to resolve this action and shall not be used, directly or indirectly, for any other purpose whatsoever. Unless otherwise ordered by the Court or mutually agreed by the Parties in writing, Highly Confidential Discovery Material may be disclosed only to the persons or entities identified in Subparagraphs 5(a), (b), (c), (e), (f), (h), (i), and (k) above. If counsel for a Party determines in good faith that a witness providing testimony in this action should review information that the other Party or a third-party has designated as Highly Confidential Discovery Material to prepare to testify, counsel for the Party shall confer with counsel for the designating party regarding whether the information can be shared (either in whole or with redactions) with the witness. For purposes of this Paragraph 6, references in the foregoing subparagraphs of Paragraph 5 to Confidential Discovery Material shall be to Highly Confidential Discovery Material as the context requires.

7. Party's Own Information. Nothing contained in this Order shall prevent a Party from disclosing, revealing, or using any documents, material or other information which is already lawfully in the possession of that Party or which that Party lawfully obtains from any source other than the opposing Party, and this Order shall not otherwise apply to such documents, material or other information.

8

8.    <u>Disclosure in Response to Subpoena or Other Court Order</u>.  Nothing in this Order shall prevent any Party from producing any document or information in his, her, or its possession in response to a lawful subpoena or other compulsory process, provided, however, that before producing Confidential or Highly Confidential Discovery Materials, the Party must provide advance written notice (at least seven days, if practicable) to the Designating Party (including a copy of the subpoena or other court order) so that the Designating Party can seek a protective order restricting the disclosure of such materials. If the Designating Party timely seeks such a protective order, unless the Party served with the subpoena or court order has obtained the Designating Party's permission, the party shall not produce any Confidential or Highly Confidential Discovery Material pursuant to this Order until the appropriate court makes a determination regarding the protective order.  The Designating Party shall bear all burden and expense of seeking protection of its Confidential or Highly Confidential Discovery Material.

9.    <u>Use of Confidential and Highly Confidential Discovery Material in this Case</u>. Nothing in this Order shall prevent or impair the use by a Party of Confidential or Highly Confidential Discovery Material in proceedings in this litigation, including motion papers, affidavits, briefs, or other papers and depositions filed with the Court or at any deposition, hearing, conference, or trial before the Court so long as the confidentiality of such information is protected as provided herein.  To the extent any Confidential or Highly Confidential Discovery Material is filed with the Court, counsel shall file it under seal in accordance with Local Rule 5.4, Standing Order No. 41, and applicable law.  The ultimate

9

disposition of Confidential or Highly Confidential Discovery Material is subject to a final order of the Court upon the completion of litigation.

10.     Challenging Designations.  A Receiving Party may challenge the designation of Discovery Material as Confidential or Highly Confidential by promptly notifying the Designating Party in writing of both the specific material challenged and the reason for the challenge.  The Parties shall make reasonable efforts to resolve the dispute over the designation.  If the dispute cannot be resolved between the Parties, then the Receiving Party may bring the issue before the Court, although the burden of proving the Confidential or Highly Confidential nature of designated Discovery Material remains with the Designating Party. While any dispute over classification is ongoing, the Discovery Material at issue shall be treated in accordance with the protection level identified by the Designating Party.

11.     Acknowledgement of Agreement.  All persons to whom Confidential or Highly Confidential Discovery Material is disclosed pursuant to this Order shall be bound by this Order.  It shall be the responsibility of counsel for each Party to this action to ensure that persons authorized to receive Confidential or Highly Confidential Discovery Material pursuant to this Order have knowledge of the terms of this Order and agree to be bound by them.  Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

12.     Inadvertent Disclosure.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential Discovery Material to any person or entity not authorized to receive it under this Order, the Receiving Party must

10

immediately (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Confidential or Highly Confidential Discovery Material, and (c) inform the person or entity to whom the Confidential or Highly Confidential Discovery Material was disclosed that the disclosure was not authorized and demand immediate return and/or destruction of the Confidential or Highly Confidential Discovery Material that was disclosed.

13.     Inadvertent Production without Designation.  In the event that Confidential Information or Highly Confidential Discovery Material is inadvertently produced without designating such documents or information "Confidential" or "Highly Confidential" within the time periods established in this Protective Order, the Designating Party shall properly designate such documents or information as "Confidential" or "Highly Confidential," and the Receiving Parties shall be bound by such designations pursuant to the terms of this Protective Order.  There will be no breach of this Protective Order by reason of any use or disclosure of such Discovery Material that occurred prior to notification of the correct designation.

14.     Privileged Material. If a Producing Party inadvertently discloses information in connection with the pending litigation that the Producing Party thereafter claims to be protected by the attorney-client privilege, work product doctrine, and/or trial preparation material protection ("Privileged Material"), the disclosure of that Privileged Material will not constitute or be deemed a waiver or forfeiture of the privilege or protection that the Producing Party would otherwise be entitled to assert with respect to the Privileged

11

Material and its subject matter. This Section shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Privileged Material. A Producing Party must promptly notify the Receiving Party, in writing, that it has disclosed the Privileged Material without intending a waiver by the disclosure and substantiate the claim of privilege by producing a privilege log. Upon such notification, the Receiving Party must promptly (a) notify the Producing Party that it will make best efforts to identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Privileged Material and any reasonably accessible copies it has, and (b) provide a certification that it will cease further review, dissemination and use of the Privileged Material. Nothing in this section, however, prevents the Receiving Party from challenging the Producing Party's assertion of privilege by filing a motion with the Court.

15. <u>Return of Confidential and Highly Confidential Discovery Material</u>. All Confidential or Highly Confidential Discovery Material shall, upon written request, be returned to the Producing Party or destroyed or deleted within ninety (90) days of the conclusion of this action, including any appeals, and if destroyed or deleted, so confirmed in writing to the Designating Party. Notwithstanding the foregoing, counsel for the Receiving Party is entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, deposition and trial exhibits, attorney work product, and consultant and expert work product, even if such materials contain Confidential or Highly Confidential Discovery Material. Any such archival copies that

12

contain or constitute Confidential or Highly Confidential Discovery Material remain subject to this Order and all of the protections set forth herein.

16. <u>Modification of the Order</u>.  This Order may be amended by written agreement of counsel for the Parties in the form of a stipulation subject to approval by the Court.  If any Party believes that this Order unreasonably impedes discovery to a Party or nonparty or the use of information discovered from a Party or nonparty for purposes of this litigation, or provides insufficient protection regarding Discovery Materials produced by a Party or nonparty, such Party or nonparty may serve notice upon the Parties and request the Court modify this Order.  The Court may, *sua sponte* or upon motion, modify this Order at any time.

17. <u>Effective Date</u>.  This Order shall be effective immediately upon entry, shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms, and shall survive the conclusion of this action.

**IT IS SO ORDERED.**

This ___ day of _____, 2026.

_____
JOI ELIZABETH PEAKE
United States Magistrate Judge

13

<u>**EXHIBIT A**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:25-cv-00481-LAF-JEP**

| | |
|---|---|
| **PHILIP SCHWAB**, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**RESEARCH TRIANGLE INSTITUTE d/b/a RTI INTERNATIONAL**,<br><br>Defendant. | **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I hereby certify that I understand that Confidential or Highly Confidential Discovery Material is being provided to me pursuant to the terms and restrictions of the Protective Order (the "Order") entered by the Court in the above-referenced action and that I have read the Order. I further certify that I understand the terms of the Order, agree to be fully bound by the Order, and submit to the jurisdiction of the Court for purposes of enforcement of the Order. I understand a violation of the Order may be punishable by contempt of Court.

Signed on this _____ day of _____, 20\_\_\_\_\_.

Signature:  _____

Name:  _____

14