**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**No. 1:25-cv-481**

| | |
|---|---|
| PHILIP SCHWAB, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RESEARCH TRIANGLE INSTITUTE d/b/a RTI INTERNATIONAL,<br><br>Defendant. | **[PROPOSED] PRELIMINARY APPROVAL ORDER** |

Before the Court is Plaintiff's unopposed motion for preliminary approval. Specifically, Plaintiff requests that this Court enter an order (1) granting preliminary approval of the Settlement; (2) certifying the Class for the purpose of the Settlement pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3); (3) ordering the Settlement Administrator to direct and issue notice to the Class under the terms of the Settlement Agreement; (4) appointing Philip Schwab as Class Representative for the purpose of the Settlement; (5) appointing J. Gerard Stranch, IV and Michael Tackeff of Stranch, Jennings, & Garvey, PLLC; Samuel J. Strauss and Raina C. Borrelli of Strauss Borrelli, LLP; Lynn A. Toops of CohenMalad, LLP; and Troy Shelton and Craig Schauer of Schauer & Shelton, LLP as class counsel; and (6) entering the proposed Settlement schedule.

Having reviewed the motion and corresponding materials, noting that Defendant does not oppose the motion, and being otherwise informed, the Court grants the motion as follows:

1. Plaintiff's unopposed motion for preliminary approval is granted in its entirety. The Settlement is within range of possible approval, as it appears fair, reasonable, and adequate.

2. Moreover, the Notice Program is the best practicable notice under the circumstances. The Notice Program includes multiple forms of notice, and the Court thereby approves the Notice Plan.

3. Consistent with the Motion and with the parties' Settlement Agreement, the Court conditionally certifies the following class definition: "all RTI employees in the United States who experienced an employment loss, as defined by the WARN Act, within ninety (90) days of June 3, 2025, except that the "Settlement Class" does not include such employees who (i) executed agreements with Defendant containing a waiver of claims encompassing the WARN Act, or (ii) were on a long-term, unpaid leave of absence at the time of their employment loss."

4. Though the exact size of the class will be determined by the Settlement Administrator after it de-duplicates the Class List, the Class is expected to meet or exceed roughly 100 persons, easily satisfying the numerosity requirement.

5. Given the size of the Class, joinder of all affected people would be impractical, thus also making the class action the superior method of adjudication in this case.

6. Moreover, there are plenty of common questions of law and fact, as the proposed class members' claims arise from the same facts that Plaintiff alleges were a violation of the WARN Act.

7. Furthermore, Class Counsel and the named Plaintiff adequately represent the Class. They all have common interests with the absent class members. Class Counsel has attested that the named Plaintiff has prosecuted this action admirably, and all Plaintiff's counsel appear to have deep experience negotiating WARN Act settlements and have represented the Class well by achieving the settlement proposed here.

8. Thus, the Court affirms its appointment of the named Plaintiffs as Class Representative. The Court additionally appoints J. Gerard Stranch, IV and Michael Tackeff of Stranch, Jennings, & Garvey, PLLC; Samuel J. Strauss and Raina C. Borrelli of Strauss Borrelli, LLP; Lynn A. Toops of CohenMalad, LLP; and Troy Shelton and Craig Schauer of Schauer & Shelton, LLP as interim Settlement Class Counsel for the Settlement Class.

9. The Court appoints CPT Group as the Settlement Administrator. CPT is well qualified, and the Parties have already agreed to use their services.

10. Next, the opt out and objection procedures in the Settlement Agreement are fair and reasonable and provide sufficient due process. They are written in plain language, and Class Members can review the Settlement Website for answers to any questions that may arise.

11. The Court will conduct a final approval hearing on _______ at ______ [a.m./p.m.] in the U.S. District Court for the Middle District of North Carolina. In the

hearing, the Court will decide whether to grant final approval to the Settlement and will hear from any objectors.

12. After any final approval is granted, the Court shall enter a briefing schedule and schedule a hearing (if a hearing is necessary) on Plaintiff's forthcoming Motion for Attorney's Fees.

13. All proceedings not related to the Settlement approval process are stayed indefinitely to be reinstated should the Settlement not be approved or otherwise terminated.

**IT IS SO ORDERED.**

______________________________

JUDGE JOI ELIZABETH PEAKE