**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**No. 1:25-cv-481**

| | |
|---|---|
| PHILIP SCHWAB, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RESEARCH TRIANGLE INSTITUTE d/b/a RTI INTERNATIONAL,<br><br>Defendant. | **MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiff Philip Schwab, individually and on behalf of all others similarly situated ("Class Members" or "putative Class Members"), respectfully requests that this Court grant preliminary approval of the proposed Class Settlement, which resolves all claims against Defendant in this case. In the opinion of undersigned counsel, the Settlement achieved here is an excellent result for the Class in light of the facts and legal defenses at issue. In support of this motion, Plaintiff incorporates the contemporaneously filed Memorandum of Law, the Declaration of Class Counsel J. Gerard Stranch, IV and Exhibits thereto, the Proposed Notice to the Class, and the Proposed Order Granting Preliminary Approval.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order (1) granting preliminary approval of the Settlement, (2) certifying the Class for the purpose of Settlement pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3); (3) ordering the Settlement Administrator to direct and issue notice to the Class under the terms of the Settlement Agreement; (4) appointing Philip Schwab as Class Representative for the

purpose of Settlement; (5) appointing J. Gerard Stranch, IV and Michael Tackeff of Stranch, Jennings, & Garvey, PLLC; Samuel J. Strauss and Raina C. Borrelli of Strauss Borrelli, LLP; Lynn A. Toops of CohenMalad, LLP; and Troy Shelton and Craig Schauer of Schauer & Shelton, LLP as class counsel; and (6) entering the Settlement schedule as proposed by the Memorandum of Law. Defendant does not oppose the relief requested in this motion.

## I. INTRODUCTION

Plaintiff respectfully requests that the Court grant preliminary approval of the proposed Class Settlement and submits this memorandum in support of his unopposed motion for preliminary approval of the Class Settlement resolving his claim against Defendant Research Triangle Institute ("RTI") in the above-captioned class action. Given that the Parties have reached a proposed Settlement, Plaintiff also requests a stay of all proceedings in this action outside of the Settlement approval process.

The Settlement Agreement provides a non-reversionary settlement fund in the amount of $150,000.00 to a class of roughly 100 individuals. *See* Exhibit 5 to Stranch Declaration. In light of the facts of this case, the return to the class is outstanding.

On June 17, 2025, Plaintiff filed this Action for violations under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), on his own behalf and on behalf of the other similarly situated persons against Defendant RTI, stemming from a series of terminations in 2025. Schwab contends that all Class

Members were terminated, without cause and without proper notice, in violation of the WARN Act.

Plaintiff contends that Defendant did not provide proper WARN Act Notice as required by the WARN Act.. D.E. 1. As a result of Defendant's actions, Plaintiff alleges that he and those similarly situated lost out on pay and benefits to which they contend they were and are entitled under the WARN Act. The Settlement class does not include employees who signed an agreement waiving their rights to WARN Act damages through severance agreements or settlement agreements associated with these terminations. These alleged harms affect tens of workers at a major employer in the Middle North Carolina area, whose employer Plaintiff contends chose to violate federal law and deprive them of the pay, benefits, and economic security they earned.

## II. BACKGROUND OF THE LITIGATION

### A. Summary of Plaintiff's Claims and the Settlement Negotiations

Plaintiff filed this case on June 17, 2025. D.E. 1. Defendant filed a Motion to Dismiss on August 4, 2025. D.E. 8, 9. The Court issued a memorandum opinion on that motion on March 10, 2026. D.E. 16. Plaintiff filed an Amended Complaint on March 24, 2026, D.E. 18, and Defendant filed a second Motion to Dismiss on April 23, 2026. D.E. 19, 20. The Court held a hearing on May 21, 2026 and issued an order on May 26, 2026. D.E. 30. The Parties completed extensive discovery, including written interrogatories, requests for production of documents, document review, and initial disclosures. The Parties also litigated multiple motions.

The WARN Act provides a rather simple mandate: before instituting a "plant closing" or "mass layoff," an employer must give sixty days' written notice to employees and relevant local government entities. 29 U.S.C. § 2102(a). The WARN Act requires employers to provide notice of abrupt, substantial terminations so workers can seek new employment. *Mason v. Gatz Tech. Serv. Corp.*, 507 F.3d 803, 807 (4th Cir. 2007). A covered employer is one that employs at least 100 full-time employees. *Id.* § 2101(a)(1). The WARN Act provides a cause of action for employees who suffer a covered employment loss without having received that notice. *Id.* § 2104.

Congress underscored an employee's right to bring representative actions to enforce the Act: "A person seeking to enforce such liability … may sue either for such person or for other persons similarly situated, or both, in any district court[.]" *Id.* § 2104(a)(5) (emphasis added); *see also Applegate v. Formed Fiber Techs.*, No. 2:10-CV-00473-GZS, 2012 WL 3065542, at *3 (D. Me. July 27, 2012) ("The Act itself expressly emphasizes the appropriateness of class-based proceedings to…obtain statutory relief."). Courts thus "regularly h[o]ld that the WARN Act is particularly amenable to class-based litigation." *Id*.

The WARN Act defines a "mass layoff" as a reduction in workforce at a single site of employment that impacts at least 33% of the employees and a minimum of 50 employees in a 30 day period. 29 U.S.C. § 2104. The Department of Labor defines "single site of employment" as either a single location or a group of contiguous locations. 20 C.F.R. § 639.3. Plaintiff alleged in his Complaint that he and other proposed class members were

terminated from employment with Defendant without proper notice as required by the WARN Act.

### B. Summary of Defendant's Defenses

Defendant has not yet filed an answer in this matter. Its renewed Motion to Dismiss, which the Court has not yet ruled on, argued that Plaintiff could not allege a plant closing or a mass layoff at a single site of employment. D.E. 20. Defendant denies that it has violated the WARN Act. Defendant contends that this reduction in force does not constitute a mass layoff or a plant closing under the WARN Act and does not admit any liability or wrongdoing as part of this Settlement.

## III. Preliminary Settlement Approval

### A. The Law Favors Class Action Settlements

In determining whether to approve the Settlement, the Court should be guided by the principle that "[t]here is a strong judicial policy in favor of settlements, particularly in the class action context." *See, e.g.*, *Reed v. Big Water Resort, LLC*, No. 2:14-cv-01583-DCN, 2016 WL 7438449, at *5 (D.S.C. May 26, 2016); *see also Covarrubias v. Captain Charlie's Seafood, Inc.*, No. 2:10-cv10-F, 2011 WL 2690531, at *2 (E.D.N.C. July 6, 2011) ("There is a strong judicial policy in favor of settlement, in order to conserve scarce resources that would otherwise be devoted to protracted litigation."); *Crandell v. U.S.*, 703 F.2d 74, 75 (4th Cir. 1983) ("Public policy, of course, favors private settlement of disputes."). Indeed, "[t]he voluntary resolution of litigation through settlement is strongly favored by the courts and is 'particularly appropriate' in class actions." *In re LandAmerica*

*1031 Exch. Servs. Inc. Internal Revenue Service §1031 Tax Deferred Exch. Litig.*, MDL No. 2054, 2012 WL 13124593, at *4 (D.S.C. July 12, 2012) (quoting *S.C. Nat'l Bank v. Stone*, 749 F. Supp. 1419, 1423 (D.S.C. 1990)). Settlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

As set forth below, Plaintiff and Class Counsel respectfully submit that the proposed Settlement merits preliminary approval and warrants notice apprising Settlement Class Members of the Settlement and the scheduling of a final Fairness Hearing.

**B. The Relevant Factors for Preliminary Approval**

Rule 23(e) requires judicial approval for a settlement of claims brought as a class action. Fed. R. Civ. P. 23(e) ("The claims . . . of a certified class – or a class proposed to be certified for purposes of settlement – may be settled . . . only with the court's approval."). The approval process typically takes place in two stages. In the first stage, a court provides preliminary approval of the settlement, pending a final settlement hearing, certifies the class for settlement purposes and authorizes notice of the settlement to be given to the class. *See Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994).

Pursuant to Rule 23(e)(1), the issue at preliminary approval is whether the Court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). Fed. R. Civ.

P. 23(e)(2) provides: "(2) Approval of the Proposal. If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2). Overlapping with Rule 23(e)(2)(B) (arm's-length negotiation) and Rule 23(e)(2)(C)(i) (adequacy of the settlement based on the costs, risks, and delay of trial and appeal) is the two-level analysis in the Fourth Circuit which includes "consideration of the fairness of settlement negotiations and the adequacy of the consideration to the class." *Gaston v. LexisNexis Risk Sols. Inc*., No. 5:16-cv-0009-KDB-DCK, 2021 WL 244807, at *5 (W.D.N.C. Jan. 25, 2021). "However, at the preliminary approval stage, the Court need only find that the settlement is within 'the range of possible approval.'" *Id.* As discussed below, the proposed Settlement satisfies each of the factors identified under Rule 23(e)(2), as well as the Fourth Circuit's "fairness" and "adequacy" analysis, and the standard for certification of a class for settlement purposes is met, such that Notice of the proposed Settlement should be sent to the Settlement Class in advance of a final Fairness Hearing.

### C. The Proposed Settlement Meets Each of the Rule 23(e)(2) Factors

#### 1. The Settlement Was Negotiated at Arm's Length

The Rule 23(e)(2)(B) factor and the first hurdle under the Fourth Circuit's analysis is a procedural one – "whether the settlement was reached through good-faith bargaining at arm's length." *In re NeuStar, Inc. Sec. Litig.*, No. 1:14cv885 (JCC/TRJ), 2015 WL 5674798, at *10 (E.D. Va. Sept. 23, 2015); *see also* Fed. R. Civ. P. 23(e)(2)(B) ("the proposal was negotiated at arm's length"). In making this determination, courts in the Fourth Circuit look at four factors: "(1) the posture of the case at the time settlement was proposed, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel in the area of [] class action litigation." *Reed*, 2016 WL 7438449, at *6; *see also Case v. French Quarter III LLC*, No. 2:12-cv-02518-DCN, 2015 WL 12851717, at *7 (D.S.C. July 27, 2015) (quoting same). "Where a settlement is the result of genuine arm's length negotiations, there is a presumption that it is fair." *Gaston*, 2021 WL 244807, at *6; *see also Reed*, 2016 WL 7438449, at *6 (there is a presumption of fairness when settlement "is achieved through arm's-length negotiations"). Here, there can be no question that the Settlement was the result of arm's-length negotiation in which there is no hint of collusion. The parties litigated this case extensively before entering into negotiations in good faith.

#### 2. The Settlement Is Adequate in Light of the Costs, Risks, and Delay of Trial and Appeal

The Rule 23(e)(2)(C)(i) factor (adequacy of relief, taking into account the "costs, risks, and delay of trial and appeal") and the second hurdle under the Fourth Circuit's

analysis is the substantive adequacy of the settlement. This factor is also readily satisfied. Here, the Court considers the following: (1) the relative strength of the plaintiffs' case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement. *Case*, 2015 WL 12851717, at *7. These factors weigh heavily in favor of finding the proposed Settlement adequate. In assessing the proposed Settlement, the Court should balance the benefits afforded to the Settlement Class – including the immediacy and certainty of obtaining financial relief – against the significant costs, risks, and delay of proceeding with the Action. There is little dispute here that Defendant conducted reductions in force in 2025, but the circumstances and the consequences of that reduction in force have been and would be heavily litigated by the parties absent a settlement. While Plaintiff believes his case is strong that RTI should have given more notice under WARN, the benefits to the Settlement Class outweigh the risks of continuing to litigate this case.

**3. The Remaining Rule 23(e)(2) Factors Are Also Met**

**a. Plaintiff and Class Counsel Have Adequately Represented the Settlement Class**

Plaintiff and his counsel have adequately represented the Settlement Class as required by Rule 23(e)(2)(A) by diligently investigating and prosecuting this action on their behalf. *See generally* Stranch Declaration. Counsel conducted extensive litigation activity in this case, including filing multiple motions and taking discovery.

**b. The Proposed Method of Distributing Relief to the Settlement Class Is Effective**

The method of distributing relief is straightforward and effective. This process does not require class members to file a claim. Exhibit 6 to Stranch Declaration. Payments will be made according to the process outlined in the Settlement Agreement, and the parties have agreed to cooperate in determining the amounts payable to each class member in accordance with the Settlement Agreement.

**c. Attorneys' Fees**

Rule 23(e)(2)(C)(iii) addresses the terms of any proposed award of attorneys' fees. As stated in the Notice and the Settlement Agreement, Class Counsel intends to apply to the Court for separate awards of attorneys' fees and actual expenses (including the court costs) not to exceed one-third (33.33%) of the Gross Settlement Amount. This provision does not impact the Settlement Class Members' relief.

**d. Settlement Class Members Are Treated Equitably**

The final factor under Rule 23(e)(2) is whether Settlement Class Members are treated equitably. Fed. R. Civ. P. 23(e)(2)(D). The parties have agreed to cooperate on an Allocation Plan, and the settlement treats all class members equitably. For the foregoing reasons, the Court should find that the Settlement is fair, adequate and reasonable, and in Settlement Class Members' best interests.

## IV. PROPOSED PLAN OF NOTICE TO THE SETTLEMENT CLASS

Rule 23(c)(2)(A) states, "[f]or any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2)(A). When a class

is certified under Rule 23(b)(2), the court may "direct appropriate notice to the class," but need not follow the strict requirements of class notice for classes certified under Rule 23(b)(3). Fed. R. Civ. P. 23(c)(2)(A); *see also Thorn v. Jefferson-Pilot Life Ins., Co*., 445 F.3d 311, 330 n.25 (4th Cir. 2006) ("Unlike Rule 23(b)(3), Rule 23(b)(2) neither requires that absent class members be given notice of class certification nor allows class members the opportunity to opt-out of the class action."). When a class claim is settled, notice must be provided in a "reasonable manner to all class members who would be bound by the [proposed settlement]." Fed. R. Civ. P. 23(e)(1). "While the rule does not spell out the required contents of the settlement notice, it must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with [the] proceedings." *Beaulieu v. EQ Indus. Servs., Inc*., No. 5:06-cv-00400BR, 2009 WL 2208131, at *28 (E.D.N.C. July 22, 2009) (quoting *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 122 (8th Cir. 1975)). Likewise, the due process clause requires that, in a class action, notice of the settlement and an opportunity to be heard must be given to absent class members. *Cf. Mashburn v. Nat'l Healthcare, Inc*., 684 F. Supp. 660, 667 (M.D. Ala. 1988) ("This Court is of the opinion that the notice given to members of the plaintiff class by publication and by mail, as aforesaid, complied with all requirements of due process, all requirements of Rule 23 of the Federal Rules of Civil Procedure, and constituted the best notice practicable under the circumstances.").

The notice in this instance meets the requirements. Per the terms of the Settlement Agreement, the Settlement Administrator shall mail the Class Notice to Class Members no

later than thirty (30) days after preliminary approval. The Settlement Administrator shall send the Class Notice via First Class U.S. Mail, using the most current, known mailing address for each Class Member based on information provided by Defendant. *Id*. Upon receipt of this information from Defendant, the Settlement Administrator will perform a search based on the National Change of Address Database maintained by the United States Postal Service to update and correct any known or identifiable address changes. *Id.* The notice plan contained in the Settlement Agreement is the best practicable notice under the circumstances.

## V. CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE

The Fourth Circuit encourages federal courts to "give Rule 23 a liberal rather than a restrictive construction, adopting a standard of flexibility in application which will in the particular case best serve the ends of justice for the affected parties and . . . promote judicial efficiency." *Gunnells v. Healthplan Servs., Inc*., 348 F.3d 417, 424 (4th Cir. 2003). In order to obtain class certification, a plaintiff must establish the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation and demonstrate that the action may be maintained under one of the three subsections of Rule 23(b). See *Calderon v. GEICO Gen. Ins*. Co., 279 F.R.D. 337, 345 (D. Md. 2012). Here, the Parties have already agreed on the definition of a Settlement Class, and also assert for settlement purposes only that the requirements of Federal Rule of Civil Procedure 23(a) and (b)(2) have been satisfied. The parties have agreed that the Settlement Class means: "all RTI employees in the United States who experienced an employment loss, as defined by the

WARN Act, within ninety (90) days of June 3, 2025, except that the "Settlement Class" does not include such employees who (i) executed agreements with Defendant containing a waiver of claims encompassing the WARN Act, or (ii) were on a long-term, unpaid leave of absence at the time of their employment loss."

**The Proposed Settlement Class Satisfies Rule 23(a)**

The proposed Settlement Class here satisfies the requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation.

1. **Numerosity**

Rule 23(a)(1) permits class treatment where "the class is so numerous that joinder of all members is impracticable[.]" *See Owens v. Metro. Life Ins*. Co., 323 F.R.D. 411, 415 (N.D. Ga. 2017). Impracticality is a fact-specific analysis that depends on the number of class members and the circumstances of the case. *Soutter v. Equifax Info. Servs.*, 307 F.R.D. 183, 195 (E.D. VA 2015). WARN Act claims regularly meet numerosity because, "[b]y its terms, WARN is applicable only in the context of employer action which affects a large number of employees." *Finnan v. L.F. Rothschild & Co*., 726 F. Supp. 460, 465 (S.D.N.Y. 1989). Generally, "where knowledge and common sense would indicate that [the proposed class] is large, the numerosity requirement is satisfied." *Mitchell-Tracey v. United Gen. Title Ins. Co*., 237 F.R.D. 551, 556 (D. Md. 2006). Although "no specified number is needed to maintain a class action," *Cypress*, 375 F.2d at 145, "a class of as few as twenty-five to thirty members raises a presumption that joinder would be impracticable," *Rodger v. Elec. Data Sys. Corp*., 160 F.R.D. 532, 535 (E.D.N.C. 1995). In fact, the Fourth

Circuit has affirmed certification for putative classes with as few as eighteen members. *See Cypress*, 375 F.2d at 653.

In this instance, the Settlement Class size is roughly one hundred individuals, far in excess of what has been previously found sufficiently numerous. Numerosity is met.

**2. Commonality**

The commonality threshold is also satisfied in this instance. "[F]or purposes of Rule 23(a)(2), even a single common question will" satisfy the requirement for class certification of questions of law or fact common to the class. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011). While class members must have suffered "a shared injury . . . spring[ing] forth from the same 'common contention,'" *Ealy v. Pinkerton Gov't Servs.*, 514 F. App'x 299, 304 (4th Cir. 2013), "the commonality requirement does not require that all class members share identical factual histories," *Id.* Rather, "[d]espite the presence of individual factual questions, the commonality criterion . . . is satisfied by . . . common questions of law presented." *Holsey v. Armour & Co.*, 743 F.2d 199, 217 (4th Cir. 1984).

Questions of law or fact prove sufficiently common "[w]here the injuries complained of by named plaintiffs allegedly result from the same unlawful pattern, practice, or policy of the defendants." *Parker v. Asbestos Processing, LLC*, No. 0:11-cv-01800-JFA, 2015 U.S. Dist. LEXIS 1765, at *19, 2015 WL 127930, at *7 (D.S.C. Jan. 8, 2015). For "[b]oth the existence and the 'common reach' of such objectively applied patterns or practices are likely to be indisputable from the outset, so that no real commonality problems for class action maintenance ever arise in this regard." *Stastny v. S.*

*Bell Tel. & Tel. Co.*, 628 F.2d 267, 274 n.10 (4th Cir. 1980). The Supreme Court has compared commonality to the "glue" holding together plaintiffs' claims. *See Wal-Mart*, 564 U.S. at 352.

The questions of law and fact in this matter are the same for everyone in the Settlement Class. The central issue is whether Defendant violated the WARN Act when it terminated these employees. Commonality does not require all facts to be identical. Commonality requires a single question of law or fact as the glue that holds the class together. In this matter, the single question of law is whether there was a violation of the WARN Act, and the fact pattern that ties the Settlement Class together is that they all were terminated within 90 days of June 3, 2025, and did not execute agreements containing waivers of WARN Act claims.

**3. Typicality**

Rule 23(a)(3)'s typicality requirement asks whether "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). In the Fourth Circuit, class representatives establish typicality by belonging to the class in question "and possess[ing] the same interest and suffer[ing] the same injury as the class members." *In re Titanium Dioxide Antitrust Litig.*, 284 F.R.D. 328, 339 (D. Md. 2012) (quoting *Deiter*, 436 F.3d at 466). This standard does not require members of the class to have identical factual and legal claims in all respects. *Broussard v. Meineke Disc Muffler Shops*, 155 F.3d 331, 344 (4th Cir. 1998). The claims need not be perfectly identical or aligned, but the prosecution of one of the plaintiffs' cases advances the interests of the

absent class members. *Deiter v. Microsoft Corp*., 436 F. 3d 461, 466 (4th Cir. 2006). As with the class certification inquiry generally, the merits of the respective claims are not at issue: typicality focuses less on the relative strength of the named and unnamed Plaintiffs' cases than on the similarity of the legal and remedial theories behind [their] claims." *Jenkins v. Raymark Industries,* 782 F.2d 468 (5th Cir. 1986).

Plaintiff's proof of the individual claim in this matter would be the same as that of the absent Settlement Class members: that Defendant violated the WARN Act by terminating him without proper notice. Plaintiff advancing his claims helped the absent members as the claims are the same. Hence, typicality is met.

**4. Adequacy**

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy standard of Rule 23(a), mandates that "the representative parties fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts have developed a two-pronged test to determine whether Plaintiffs satisfy the adequacy requirement: "(1) the named plaintiffs must not have interests antagonistic to those of the class; and (2) the plaintiffs' attorneys must be qualified, experienced, and generally able to conduct the litigation." *Brown v. Transurban USA, Inc.,* 318 F.R.D 560, 567 (E.D. Va. 2016).

The adequate representation inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent." *In re Serzone Prods. Liab. Litig*., 231 F.R.D. at 238 (internal quotation marks omitted). Minor conflicts between named plaintiffs

and the putative class members will not render the representatives inadequate. Only a "fundamental" conflict that "go[es] to the heart of the litigation" will suffice to defeat adequacy. No such fundamental conflict exists when "all class members share common objectives and the same factual and legal positions and have the same interest in establishing the liability of [defendants]." *Ward v. Dixie Nat'l Life Ins. Co.*, 595 F.3d 164, 180 (4th Cir. 2010) (internal quotation marks omitted). "The principal factor in determining the adequacy of class representatives is whether the plaintiffs have the ability and commitment to prosecute the action vigorously." *Thomas v. La.-Pacific Corp.*, 246 F.R.D. 505, 509 (D.S.C. 2007).

The adequacy requirement is met as there are no fundamental conflicts of interest that go to the heart of the litigation. The representative plaintiff suffered a common injury (the terminations) and shares common objectives with the Settlement Class. Representative plaintiff has already pursued, and will continue to pursue, this action vigorously. Furthermore, plaintiff's attorneys are extremely well-qualified and capable of conducting the litigation at hand.

**a. The Rule 23(b) factors of Predominance and Superiority are Met.**

Class certification is proper under Rule 23(b)(3) when the moving party shows: (1) that common questions of law or fact predominate over individual questions (predominance); and (2) that a class action is the superior method to adjudicate the dispute (superiority). "If a lawsuit meets these requirements, class certification…promot[es] judicial economy…[and] afford[s] aggrieved persons a remedy if it is not economically

feasible to obtain relief through…multiple individual damage actions." *Gunnells v. Healthplan Services, Inc.*, 348 F.3d 417, 424 (4th Cir 2003). In a predominance analysis, the Court must examine the relationship between the common questions and the individual in the context of the case as a whole. *Krakauer v. Dish Network, LLC*, 925 F.3d 643, 658 (4th Cir. 2019). A common question is one where the same evidence is suitable for class-wide proof; and individual questions are ones where each member will need to present evidence that varies from member to member. *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016).

Where common questions "predominate over any questions affecting only individual members," the first prong of Rule 23(b)(3) is met. *Amchem Prod. v. Windsor*, 521 U.S. 591, 615 (1997). Predominance does not require that all issues be common among the class. "Indeed, common issues of liability may still predominate even when some individualized inquiry is required," *Ealy v. Pinkerton Gov't Servs.*, 514 F. App'x 299, 305 (4th Cir. 2013). The existence of "common evidence" to determine issues weighs in favor of predominance. As described regarding commonality, the primary elements of a WARN claim are common among the proposed class and susceptible to class-wide proof. Courts routinely find that these issues predominate WARN litigation. *See, e.g.*, *Gomez v. Am. Garment Finishers Corp.,* 200 F.R.D. 579, 584 (W.D. Tex. 2000).

Common questions of law and fact predominate in this case. As the court noted in *Gomez*, courts routinely find common issues predominate in WARN Act cases. *Id*. In this

instance, as previously noted, the common questions of law and fact that predominate are that Defendant employed all of the employees in the Settlement Class.

## VI. THE COURT SHOULD APPOINT CLASS COUNSEL AND NAMED PLAINTIFFS AS SETTLEMENT CLASS REPRESENTATIVES

Federal Rule of Civil Procedure 23(g) requires that the Court appoint class counsel for any certified class. Class counsel must "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B), (g)(4). In determining whether proposed class counsel satisfies this requirement, courts "must consider (i) the work counsel has done in identifying and investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). "[A]n essential concomitant of adequate representation is that the party's attorney be qualified, experienced and generally able to conduct the proposed litigation." *Barton v. Constellium Rolled Prods. Ravenswood, LLC*, No. 2:13-cv-03127, 2014 U.S. Dist. LEXIS 57703, at *12, 2014 WL 1660388, at *4 (S.D. W. Va. Apr. 25, 2014) (internal quotation marks omitted). Proposed class counsel also has the ability to represent the class fairly and adequately. *See* Fed. R. Civ. P. 23(g)(1)(B), (g)(4). "Adequacy of counsel is generally presumed in the absence of specific proof to the contrary."

Class counsel has extensive experience litigating class actions, including WARN Act cases. The experience includes a high volume of settlements and cases tried before a

jury in class actions. This class is in good hands and will be vigorously represented by class counsel. Plaintiff's counsel do not have conflicts of interest with the Named Plaintiff or with any known individuals within the Settlement Class.

Named Plaintiff is an appropriate and adequate class representatives as he does not have any interests antagonistic to the Settlement Class as a whole, and counsel who satisfies the standards set forth in Rule 23(g) represents them. Named Plaintiff will therefore "fairly and adequately protect the interests of the class," and already has. Fed. R. Civ. P. 23(a)(4).

## VII. THE COURT SHOULD APPOINT THE CLAIMS ADMINISTRATOR

The parties agreed to use CPT Group Settlement Administration. This decision is based on CPT Group's competitive bid and proven track record in similar cases. CPT Group has extensive experience in administering class action settlements, and specifically they have experience administering WARN Act class action settlements. CPT Group should be appointed as claims administrator.

## VIII. CONCLUSION

For the reasons set forth above, Plaintiff respectfully asks that the Court (a) certify a settlement class, pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, comprising the definition above and in the Settlement Agreement; (b) appoint J. Gerard Stranch, IV and Michael Tackeff of Stranch, Jennings, & Garvey, PLLC; Samuel J. Strauss and Raina C. Borrelli of Strauss Borrelli, LLP; Lynn A. Toops of CohenMalad, LLP; and Troy Shelton and Craig Schauer of Schauer & Shelton, LLP as class counsel, (c) appoint

Philip Schwab as Class Representative for the purpose of Settlement, (d) approve the form and manner of Notice, and (e) appoint CPT Group Administrators as Claim Administrator.

Dated: October 9, 2026

Respectfully submitted,

*/s/ Michael C. Tackeff*
J. Gerard Stranch, IV (TN BPR #23045)*
Michael C. Tackeff (TN BPR #036953)*
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com

*/s/ Troy Shelton*
Troy D. Shelton
N.C. Bar No. 48070
SCHAUER & SHELTON LLP
13200 STRICKLAND RD.
SUITE 114-329
RALEIGH, NC 27613
984-231-6687
Fax: 984-231-6687
Email: cschauer@schauershelton.com

Lynn A. Toops*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenmalad.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI, LLP**
613 Williamson St., Suite 201
Madison, WI 53703

T: (608) 237-1775
F: (608) 509-4423
sam@straussborrelli.com
raina@straussborrelli.com

*Special Appearance Forthcoming*

*Counsel for Plaintiff and the Proposed Class*

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that this brief complies with the word-count limitation in Local Rule 7.3(d).

/s/ *Michael C. Tackeff*
Michael C. Tackeff