**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**No. 1:25-cv-481**

| | |
|---|---|
| PHILIP SCHWAB, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RESEARCH TRIANGLE INSTITUTE d/b/a RTI INTERNATIONAL,<br><br>Defendant. | **DECLARATION OF J. GERARD STRANCH, IV, IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

I, J. Gerard Stranch, IV, am over the age of eighteen years. I offer this declaration in my capacity as one of the attorneys for Plaintiff Philip Schwab ("Plaintiff" or "Class Representative"), in the above-styled action, in support of his Unopposed Motion for Preliminary Approval of Class Settlement. I have personal knowledge of the facts recited in this Declaration, and if called upon to testify to the truth of the statements below, I could and would do so:

1. I am over the age of eighteen years old, and a licensed attorney in private practice in the State of Tennessee. I work for Stranch, Jennings & Garvey, PLLC as the firm's managing partner.

2. I have entered a special appearance on behalf of Plaintiff in this case, along with my co-counsel.

3. I am one of the counsel of record for Plaintiff in this action.

4. This case arises from a series of layoffs conducted by Defendant in the spring of 2025. Plaintiff alleges that Defendant failed to provide proper notice of its actions in

violation of the WARN Act, which requires an employer to provide 60 days' notice before a mass layoff or plant closing.

5. Plaintiff filed his class action lawsuit against Defendant on June 17, 2025. D.E. 1.

6. As it pertains to this Class Action, Plaintiff has demonstrated he is well-suited to represent the proposed Settlement Class. Plaintiff has maintained contact with counsel, assisted in the investigation of the case, reviewed the Complaint, and offered to provide any and all responses necessary as they may arise during the course of the litigation. Moreover, Plaintiff has no conflicts with the proposed Settlement Class and has more than adequately represented the proposed class members in this litigation thus far.

7. Plaintiff and his counsel have devoted considerable time, effort, and resources to this litigation and have shown a strong understanding of the issues in this matter. Before filing the Complaint, Plaintiff's counsel conducted a thorough investigation of the claims, including researching the incident and Defendant's response, and investigating applicable legal claims. I am well qualified to represent the Settlement Class, as my firm, my co-counsel, and I possess significant experience leading the prosecution of complex class action matters.

8. My co-counsel and I have a wealth of experience litigating and settling cases of this type and have diligently investigated the background of this case and potential claims and efficiently prosecuted the claims in this matter, dedicated substantial resources toward the endeavor, and have successfully and fairly negotiated the Settlement of this matter to the benefit of Plaintiff and the Settlement Class. The firm resume of Stranch Jennings & Garvey, PLLC, CohenMalad, LLP, Strauss Borrelli, LLP, and Schauer &

Shelton, LLP, detailing the firms' experience and qualifications are attached hereto as **Exhibits 1, 2, 3, and 4, respectively**.

9. I have worked with CPT Group on numerous settlements. Given my experience with CPT Group, I believe it is a reliable, affordable third-party administrator fully capable of administering the Settlement. CPT Group also has extensive experience in administering WARN Act claims and has done so numerous times before as the chosen Settlement Administrator in cases where I have served as Class Counsel.

10. The Parties engaged in sufficient informal and formal discovery to allow them to act intelligently when negotiating the proposed Settlement's terms.

11. The Notice program provides the best practicable method to reach the potential class members and is consistent with other class action notice programs that have been approved by various courts for similarly situated matters. The Notice program includes a mailed notice at the address provided by the employer.

12. The Notice is written in plain language such that it will be readily understandable to the Settlement Class, and summarize the Parties' positions in litigation, the terms of the Settlement, instructions on how to object and opt-out from the Settlement, the claims process, and stating the requested attorneys' fees and costs, the requested service awards, and the date, time, and place of the Final Approval Hearing, as set by the Court.

13. Following the negotiations, counsel for the parties cooperatively drafted the proposed Settlement Agreement and negotiated the language in the agreement.

14. WARN Act cases such as this are inherently complex and require an understanding of highly technical topics. Indeed, prolonged litigation would require the

Parties to engage with experts in multiple areas, each of which would demand hourly rates in line with what attorneys typically charge.

15. Through this litigation, all Parties have acted with professionalism, and no evidence of collusion could or does exist.

16. Among my firm and the various other lead firms in this case, we have ample resources to prosecute this matter and do not accept outside funding sources.

17. Class Counsel and all other leads have diligently prosecuted this action to their fullest capabilities, and that advocacy resulted in the Settlement proposed here.

18. A copy of the executed Settlement Agreement is attached hereto as **Exhibit 5**.

19. The Parties' Proposed Notice is attached hereto as **Exhibit 6**.

20. The Parties' Proposed Preliminary Approval Order is attached hereto as **Exhibit 7**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 8th day of October 2026, in Nashville, Tennessee.

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV