# Exhibit 6

**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

*Schwab v. Research Triangle Institute*
Case No. 1:25-cv-00481-LAF-JEP

# NOTICE OF CLASS ACTION SETTLEMENT

**Please read this notice carefully. You may be entitled to money from a class action settlement. This notice explains your rights and options.**

*A court has authorized this Notice. This is not a solicitation from a lawyer.*

## I. WHY SHOULD I READ THIS NOTICE?

You are receiving this Notice because Research Triangle Institute's records show that you were laid off within ninety days of June 3, 2025 and did not sign a release agreement encompassing a WARN Act claim.

The Court has preliminarily approved a proposed class action settlement in the case *Schwab v. Research Triangle Institute.* (Case No. 1:25-cv-00481-LAF-JEP) (the "Action"). This Notice informs you of the proposed settlement, your legal rights, and what steps you may take before the Court decides whether to grant final approval.

Plaintiff Philip Schwab ("Plaintiff") filed this lawsuit on behalf of himself and other employees on June 17, 2025. Plaintiff alleges that Research Triangle Institute ("RTI") violated the federal Worker Adjustment and Retraining Notification Act ("WARN Act"), which requires certain employers to provide at least 60 days' advance notice before a mass layoff or plant closing.

The Settlement Class is defined as: all RTI employees in the United States who experienced an employment loss, as defined by the WARN Act, within ninety (90) days of June 3, 2025, except that the "Settlement Class" does not include such employees who (i) executed agreements with RTI containing a waiver of claims encompassing the WARN Act, or (ii) were on a long-term, unpaid leave of absence at the time of their employment loss.

RTI denies all allegations and maintains that it did not violate the WARN Act.

The Court has not decided who is right and has not considered or resolved any of the claims by Plaintiff or Research Triangle Institute's defenses. Instead, both sides have agreed to settle the case to avoid the costs, burdens, and risks of further litigation.

## II. WHAT WILL I RECEIVE FROM THE SETTLEMENT?

Research Triangle Institute has agreed to fund the Gross Settlement Amount in the total amount of $150,000 to fund the settlement, which shall be used: (1) to pay Settlement Class Members; (2) to pay Attorneys' Fees and Costs as awarded by the Court, if any; (3) to pay the Service Awards to Plaintiff as awarded by the Court; and (4) to pay the Settlement Administration Costs. After these deductions, the remaining Net Settlement Amount will be distributed to Settlement Class Members.

Each Settlement Class Member's share of the Net Settlement Fund will be determined based on an Allocation Plan developed by Class Counsel and approved by the Court. Payments will be made as back pay and will have standard payroll taxes withheld. You will receive a Form W-2 for tax reporting purposes.

**Your estimated share of the settlement is: $[Amount].** This amount may be higher or lower based on rulings of the court related to fees, costs, enhancements, and other factors.

If any funds remain after the first distribution (for example, because checks are not cashed), additional payments may be made to those who did cash their checks. If, after two distributions, small funds remain, they will be donated to a Court-approved charitable organization.

## III. WHAT IS THE EFFECT OF THE SETTLEMENT?

### A. Release of Claims by Plaintiff and Class Members.

"Releasing Parties" means the Settlement Class Members, for and on behalf of themselves and their assigns, heirs, personal representatives, and estates.

"Released Parties" means Defendant (Research Triangle Institute), each of its subsidiaries and affiliated entities, and each of its officers, directors, shareholders, owners, agents, employees, employee benefit plans, accountants, attorneys, representatives, and other agents, and all of its respective predecessors, successors, and assigns

"Released Claims" means any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees, and damages of whatever kind or nature, at law, in equity, and otherwise, whether known or unknown, anticipated or unanticipated, suspected or unsuspected, or disclosed or undisclosed, that the Releasing Parties have, may have, or may have had against the Released Parties relating to any federal, state, or local law claims, whether statutory, common law, or otherwise: (a) arising under or related to the WARN Act; (b) asserted in the Complaint; (c) and/or deriving from the factual predicate set forth in the Complaint that were made or could have been made against Defendant in the Action.

The release of claims recited in these paragraphs shall not apply to Class Members who timely and properly submit a written Opt Out, as described below. If you submit a written Opt Out, you will not release any claims, and you will not receive any settlement award from this case. If you are a Class Member as defined by this Settlement and you do not elect to exclude yourself through a valid and timely submitted written Opt Out, you will be deemed to have entered into this release, even if you do nothing at all.

Defendant respects your right to participate in the Action and will not take adverse action or retaliate against you should you accept payment under the Settlement.

### B. Payment To Participating Class Members.

If you do not elect to opt out of the Settlement and thereby qualify to receive payment, a check will be mailed to you.

## IV. WHAT ARE MY RIGHTS?

### A. You May Participate In The Settlement.

If you wish to participate in the Settlement, you do not need to do anything. If your mailing address or phone number has or will change, please be sure to update the Settlement Administrator at the following address or toll-free number:

*[INSERT]*

### B. You May Exclude Yourself From This Case.

If you wish to be excluded from the Class and from the Settlement (i.e., "opt out"), which preserves your right to sue individually but means you will not receive a settlement share in this case, you must submit a written Request for Exclusion letter to the Settlement Administrator. The letter must include your name, last four digits of your Social Security number, signature, the case name and number, *Schwab v. Research Triangle Institute* (Case No. 1:25-cv-00481-LAF-JEP), and a statement that you request exclusion from the class and do not wish to participate

in the settlement. Your Request for Exclusion must be postmarked by [Deadline] and mailed or faxed to:

*[INSERT]*

If you timely request exclusion from the class, you will (1) be excluded from the class; (2) not be bound by any determination or order entered in this litigation; (3) not be bound by the release; and (4) not receive a portion of the Settlement.

### C. You May Object To The Settlement, Or Any Part Of It.

You can object to the terms of the class settlement as long as you have not submitted a request for exclusion from the class settlement. To object to the class settlement, you must provide to the Settlement Administrator a timely written statement of the objection that includes: (a) your full name and signature; (b) the case name and number *Schwab v. Research Triangle Institute* (Case No. 1:25-cv-00481-LAF-JEP); (c) a written statement of the grounds for the objection and supporting documents, if any; and (d) a postmark by [Deadline], with the objection sent to the following address.

[INSERT]

## V. WHO REPRESENTS THE PROPOSED SETTLEMENT CLASS?

### A. Class Representative.

"Class Representative" means the plaintiff in the Action, Philip Schwab.

### B. Class Counsel.

The Court has approved the following attorneys to be Class Counsel for the purpose of representing the interest of the class: J. Gerard Stranch, IV and Michael Tackeff of Stranch, Jennings, & Garvey, PLLC; Samuel J. Strauss and Raina C. Borrelli of Strauss Borrelli, LLP; Lynn A. Toops of CohenMalad, LLP; and Troy Shelton and Craig Schauer of Schauer & Shelton, LLP.

## VI. WHAT FEES AND COSTS ARE INVOLVED?

### A. Settlement Administration Costs.

Settlement Administration Costs means expenses, costs, or fees incurred by the Settlement Administrator in administering the terms of the Settlement Agreement. The administration costs up to $_____ which will be paid from the Gross Settlement Amount subject to Court approval.

### B. Attorneys' Fees and Costs.

Class Counsel represented the class on a contingency fee basis. This means attorneys' fees and costs could be paid only if money was recovered for the class, and then only for a reasonable portion of the amount recovered. Class Counsel will ask the Court for an award of fees not to exceed one-third of the Gross Settlement Amount, plus litigation costs and expenses.

### C. Class Representative Payments.

The Class Representative will ask the Court to grant him a service payment of $3,500.00 for his efforts on behalf of the settlement class.

These amounts will be paid from the Settlement Fund, thereby reducing the amount available for distribution to Class Members.

## VII. FINAL APPROVAL HEARING

The Court has set the Final Approval Hearing as follows:

Date: [Date]
Time: [Time]
Place: [Address]

## VIII. WHERE CAN YOU GET MORE INFORMATION?

You may contact the Settlement Administrator toll-free at [800-xxx-xxxx] or Class Counsel identified in Section V.

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at www.cptgroupcaseinfo.com/[INSERT].

**PLEASE DO NOT ADDRESS ANY QUESTIONS TO THE COURT OR TO DEFENDANT.**